[Civ. No. 5812. First Appellate District, Division Two.—September 8, 1927.]

KATHERINE KEEFER, Appellant, v. ADOLPH C. KEEFER, Respondent.

William E. Billings and Samuel J. Jones for Appellant.

Walter H. Linforth for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a decree for permanent support and maintenance. She pleaded in the first cause of action the extreme cruelty of the defendant. In the second cause of action she pleaded his desertion of her on the fifteenth day of May, 1922. Thereupon she prayed for a division of the community property and for $150 per month for her permanent maintenance. The defendant appeared and filed an answer in which he denied the charges of the plaintiff, and, in addition to his answer, he interposed a cross-complaint for divorce based on (1) the extreme cruelty of the plaintiff, and (2) her desertion of him in the year 1908. The plaintiff answered the cross-complaint and a trial was had before the trial court sitting without a jury. The trial court made findings in favor of the defendant and from a judgment entered thereon the plaintiff has appealed under section 953a of the Code of Civil Procedure.

From the evidence introduced and not controverted it appears that the plaintiff and defendant intermarried in 1897; that there was born as the issue of the marriage a daughter who is now an adult of the age of twenty-six years or more. The husband and wife quarreled from time to

time. The husband's business was that of a furrier and as such he was employed by different employers in the east. It was his contention that his wife was jealous of him and his attentions to the ladies who patronized the stores in which he was employed and that she so conducted herself that he lost his employment or was compelled to change his employment from time to time until the year 1910, when he was about to engage in business for himself. At that time the plaintiff stated to her husband's business associates that if the business arrangement were made that she would cause the business to be disrupted. Fearing that result the associates withdrew from the proposed business arrangement and when the facts were brought to the attention of the defendant he separated from the plaintiff and came to California. That separation was so hostile that thereafter they never communicated with each other except through their daughter or the attorneys of the respective parties. When he arrived in California he took employment under Louis Gassner, a furrier doing business in San Francisco. From time to time he made remittances to his wife and daughter, who remained in the east. Such remittances continued until 1921, when the plaintiff came to California. She arrived here July 19, 1921, without previously notifying the defendant that she was coming. The next day the daughter called on the defendant and some time during the same day the defendant and the plaintiff met as strangers in the lobby of one of the hotels in San Francisco. The details of that meeting are not in evidence. That the meeting was in no sense agreeable would appear from the fact that on the 25th of August, 1921, the plaintiff commenced an action against the defendant to obtain a decree of separate maintenance. The defendant continued to make certain payments for the support of his wife and daughter, but they continued to live separate and apart. Conversations were held between their respective representatives looking toward a property settlement between the husband and wife. Those conversations led to no results. Finally, on the ninth day of July, 1923, this action was commenced.

From the foregoing facts it is clear that the second cause of action pleaded in the plaintiff's complaint and in which she alleged desertion on the part of the defendant on the

fifteenth day of May, 1922, has no particle of evidence to support it, but desertion, if it occurred at all, took place as early as the year 1910. ■ The defendant, among other things, contends that the separation in the east showed a desertion on the part of the plaintiff as desertion is defined in section 98 of the Civil Code. However, the defendant admits that as a ground for divorce the act of the plaintiff is barred by the statute of limitations. (Civ. Code, sec. 124.)

The first count pleaded in the plaintiff's complaint alleged cruelty on the part of the defendant and contained four specifications. On the trial of the case the plaintiff introduced some evidence to support each one of the specifications. The trial court made findings in favor of the defendant and against the plaintiff on each one of the specifications. It will serve no purpose to quote the specifications as the evidence was distinctly conflicting on all of the material averments and there was support for each finding so made by the trial court. ■ The plaintiff asks us to note carefully the scope of the denials and the admissions of the pleadings. That request should have been made in the trial court instead of to this court. However, in the trial court, both parties treated the pleadings as presenting the purported charges by the one party and a complete denial thereof by the other party.

■ In his cross-complaint the defendant alleged the extreme cruelty of the plaintiff and inserted five specifications. Later, by a supplemental pleading, he added two other specifications. In its findings the trial court found against the plaintiff and in favor of the defendant on all of those specifications. As to some of them it may be claimed that the evidence was conflicting. However, it must be conceded that as to some of them there was no conflict in the evidence. The plaintiff earnestly contends that there was no corroboration. In making this claim we understand her to assert that each one of the specifications was not corroborated. Our statute does not require that each one be corroborated. Some of the specifications as to which the evidence was not seriously conflicting and which were corroborated by written documents were of such a nature that it is difficult to understand why the plaintiff even contends that the proof of the defendant was insufficient. ■ As

the defendant pleaded a cause of action based on cruelty, sustained it by proof, and the trial court made findings in his favor thereon, it is immaterial that findings were also made in his favor on a cause of action for desertion which had become barred by the statute of limitations.

At the time of trial the pleadings of both parties put their property rights in issue. Among other things the plaintiff testified that the object of her litigation was to obtain her property rights. The trial court heard the evidence regarding those property rights and made an award thereof. On this appeal neither party contends that the award so made by the trial court was otherwise than just and fair to both parties. However, the plaintiff does contend that the trial court should not have made a determination, in an interlocutory decree, of the issues concerning the property rights. She cites *Remley* v. *Remley,* 49 Cal. App. 489 [193 Pac. 604]. In making this contention we do not understand her to claim that the decree in the instant case was, for the reason assigned, a void decree. Most certainly we are not inclined to hold that it is a void decree. (*Grannis* v. *Superior Court,* 146 Cal. 245 [106 Am. St. Rep. 23, 79 Pac. 891].) From the facts which we have recited above it is perfectly clear that the plaintiff was not in any respect prejudiced by those portions of the decree which settled the property rights.

During the pendency of the litigation the plaintiff has frequently changed attorneys. There have been eight or nine substitutions. It is not surprising, therefore, that the record on appeal, and in particular the briefing on appeal, has been compiled irregularly. However, the earnestness of the litigants is patent. We have therefore read the record from beginning to end for the purpose of ascertaining if either party has, in any respect, been deprived of any right or rights, but we find no error in the record.

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1927.