[No. 12082.   Department Two. — August 30, 1887.]

## C. GRUPE, Appellant, v. LOUISE M. BYERS et al., Respondents.

Homestead — Conveyance by Husband to Wife after Divorce — Subsequent Mortgage by Wife. — A deed executed by a husband to his wife, after their divorce, of community property, on which a homestead had previously been declared, is valid, and passes all the interest of the grantor; and a mortgage subsequently executed thereon by the wife alone creates a lien on the entire premises.

Appeal from a judgment of the Superior Court of San Joaquin County.

The action was brought against the defendants, a divorced husband and wife, to foreclose a mortgage which had been executed by the wife alone. During the marriage of the defendants, the wife filed a declaration of homestead on certain community property. Soon after the declaration was filed, the marriage was dissolved by a decree of divorce, but no disposition of the homestead was made by the decree. After the dissolution of the marriage, the husband conveyed to the wife all of his title and interest in the property covered by the homestead; and the wife subsequently executed the mortgage in question thereon. The court found that at the time of the execution of the mortgage the property was impressed with the. homestead character, and that the mortgage was a lien thereon to the extent that its value

exceeded five thousand dollars. Judgment was rendered accordingly. From the portion of the judgment limiting the lien of the mortgage the plaintiff appeals. The further facts are stated in the opinion of the court.

*Aug. Muenter, W. B. Nutter,* and *Louttit, Woods & Levinsky, amici curiæ,* for Appellant.

Upon the dissolution of the marriage of the defendants, the property on which the homestead had been filed ceased to be impressed with the homestead character, and thereafter either spouse could convey his or her interest therein without the other joining in the conveyance. (*Gimmy* v. *Doane,* 22 Cal. 638; *Shoemake* v. *Chalfant,* 47 Cal. 432.)

*J. H. Budd, guardian ad litem,* for Respondent Louise M. Byers.

*J. C. Byers, in pro. per.*

The COURT. — We are of opinion that the deed to the wife, executed by the husband after the decree of divorce in this case, was a valid one, and conveyed all the interest of the grantor.

The mortgage of the wife was therefore valid, and the plaintiff (mortgagee) is entitled to a judgment of foreclosure.

The portion of the judgment appealed from is reversed, and the cause remanded for a new trial; and on such new trial, the views above expressed are to be followed.

Ordered accordingly.