[Civ. No. ·3507. First Appellate District, Division One.—October 6, 1920.]

LENA REMLEY, Respondent, v. JOHN REMLEY, Appellant.

[1] DIVORCE—CONFLICTING EVIDENCE—FINDING—APPEAL.—In an action for .divorce, where there is abundant corroborative testimony, and the evidence is conflicting, the finding of the trial court in favor of the plaintiff will not be disturbed on appeal.

[2] ID.—DISSOLUTION OF MARITAL STATUS — DESTRUCTION OF HOMESTEAD.—In an .action for divorce, the court has power to make disposition of the community property, including the homestead; and upon the dissolution of the marital status by court decree, and the assignment of the homestead therein, its character as such is destroyed.

[3] ID. — SCOPE OF INTERLOCUTORY JUDGMENT — FINAL JUDGMENT OF DIVORCE.—An interlocutory judgment in a divorce action is not a decree of divorce, nor does it dissolve the marriage, but it is merely a declaration that one of the spouses is entitled to a divorce; and when one year has expired after the entry of such ·interlocutory judgment, the court may enter the final judgment granting the divorce, and such other relief as may be necessary to complete disposition of the action.

[4] ID.—INTERLOCUTORY JUDGMENT—DISPOSITION OF PROPERTY.—In an action for divorce, the trial court should determine by its inter- locutory judgment whether a divorce ought to be granted, and should designate the party entitled thereto, and where property rights are involved it should determine how the property should be disposed of or assigned when such divorce is granted; but the trial court should not attempt by its interlocutory judgment to make disposition of such property.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. ·Modified and affirmed.

The facts are stated in the opinion of the court.

Percy S. King and E. L. Webber for Appellant.

E. S. Bell for Respondent.

3. Right to enter final decree of divorce after time fixed by in- terlocutory decree expires, note, 1 A. L. R. 1591.

KINSELL, J., *pro tem.*—Defendant appeals from an interlocutory judgment of divorce in favor of plaintiff, wherein the court declared each party the owner of one-half of certain homestead community property and awarded plaintiff a monthly allowance for the support of the minor children of the parties, such allowance to constitute a lien upon defendant's interest in such homestead property until paid.

Defendant urges two points for a reversal, viz.:

(1) That the corroborating testimony was insufficient to warrant the trial court in finding for respondent; and

(2) That the court erred in awarding the real property in the manner that it did in the face of the fact that there was a subsisting homestead on the same, and that the security was unreasonable.

[1] (1) The first point is so destitute of merit as hardly to warrant notice. The record discloses abundant corroborative testimony. The evidence is conflicting. The trial court found in favor of the plaintiff. In view of the conflict, this court will not disturb such findings.

[2] (2) In support of his second contention, appellant urges that the court's judgment cannot destroy the homestead character of the property assigned; that the homestead can be destroyed by two methods only: (a) By abandonment by the parties as provided in section 1243 of the Civil Code; or (b) by decree of court in a proceeding instituted for that purpose.

That the court has power in a divorce action to make disposition of the community property, including the homestead, there can be no question (secs. 146, 147, Civ. Code), and it has been repeatedly held that upon the dissolution of the marital status by court decree, and the assignment of the homestead therein, its character as such is destroyed. (*Shoemaker* v. *Chalfant,* 47 Cal. 435; *Grupe* v. *Byers,* 73 Cal. 271, [14 Pac. 863]; *Simpson* v. *Simpson,* 80 Cal. 237, [22 Pac. 167]; *Lang* v. *Lang,* 182 Cal. 765, [190 Pac. 181].)

Therefore, appellant cannot maintain his contention that a decree of court in a proceeding instituted for that purpose is necessary to destroy a homestead.

It is our opinion, however, that the interlocutory judgment in this action cannot of itself have the effect of nullifying the homestead character of the property.

Section 146 of the Civil Code provides: *"In case of the dissolution of the marriage* by the decree of a court of competent jurisdiction, the community property, and the homestead shall be assigned as follows,'' etc.

Section 147 of the Civil Code provides: "The court, in rendering a *decree of divorce,* must make such order for the disposition of the community property, and of the homestead as in this chapter provided," etc. (The italics in each instance are ours.)

[3] The interlocutory judgment in a divorce action is not a decree of divorce, nor does it dissolve the marriage. It is merely a declaration that one of the spouses is entitled to a divorce (sec. 131, Civ. Code), and when one year has expired after the entry of such interlocutory judgment the court may enter the final judgment granting the divorce, and such other relief as may be necessary to complete disposition of the action. (Sec. 132, Civ. Code; *Estate of Dargie,* 162 Cal. 51, [121 Pac. 320]; *Olson* v. *Superior Court,* 175 Cal. 250, [1 A. L. R. 1589, 165 Pac. 706].)

[4] In view of the provisions of sections 131, 132, 146, and 147 of the Civil Code, the court should not assign or dispose of the community property or homestead until such time as the marriage is actually dissolved.

Nor is this view in conflict with *Pereira* v. *Pereira,* 156 Cal. 1, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488], or *John* v. *Superior Court,* 5 Cal. App. 262, [90 Pac. 53]. As was pointed out in those cases, the court has power to try and determine the issues between the parties to a divorce action with respect to their property, and this may and should be done at the time of the trial of the issues as to the divorce. It is at this time that the court is required to file its decision and conclusions of law, and its decision must respond to all the issues involved in the action.

In such decision the court should determine whether a divorce ought to be granted; it should designate the party entitled thereto, and if property rights are involved it should determine how the property should be disposed of or assigned when such divorce is granted.

It will be noted that in the reporter's syllabus of *John* v. *Superior Court, supra,* it is stated that the court had jurisdiction *and it was its duty* under section 131 of the Civil Code, at the time of granting the interlocutory judgment, to

include in such judgment an assignment of the homestead. This is not a correct statement of the law, nor is the statement justified by the court's decision in that case.

In the instant case the character of the homestead property was made an issue, and the trial court at the time of the rendition of its interlocutory judgment properly determined the status of the property and properly determined how such property *ought* to be assigned, just as it determined that a divorce *ought* to be granted; but in such interlocutory judgment the trial court should not attempt to destroy the homestead character of the property nor to make an assignment thereof. At the time of the dissolution of the marriage, and at that time only, the homestead character may be abolished and the property assigned to the respective parties pursuant to the determination made by the court at the time of the trial.

That this interpretation of the scope of the sections referred to is sound in principle will be readily appreciated in view of the decision in *Olson* v. *Superior Court,* 175 Cal. 250, [1 A. L. R. 1589, 165 Pac. 706], holding that a final decree of divorce may not be entered after reconciliation of the parties within the one-year period following entry of the interlocutory, and that of *Bancroft* v. *Bancroft,* 178 Cal. 367, [173 Pac. 582], to the effect that after expiration of the time within which appeal may be taken or proceedings had under section 473 of the Code of Civil Procedure, the trial court is without jurisdiction to alter or set aside its interlocutory judgment.

So long as the court may refuse to enter the final decree, if intervening conditions justify such refusal (*Olson* v. *Superior Court, supra*), its determination, as evidenced by its interlocutory judgment, should be in the fullest sense interlocutory, so that at any time during the pendency of the action substantial justice may be done the parties no matter what the eventuality.

It follows, therefore, that the interlocutory judgment in the present case should be held to be, in so far as the property is concerned, merely an adjudication of the character thereof, and a determination as to how it should be ultimately assigned. It would seem that since the property is impressed with a homestead no lien could be created by interlocutory judgment on the interest of either spouse, and,

therefore, the decree in that behalf should be modified by striking therefrom the following: " . . . and that defendant's one-half interest in the community real property shall be subject to the payment of said allowance for the support of said minor children; and said allowance to be and constitute a lien upon said defendant's one-half interest in said community real property, until paid."

As so modified, the judgment is affirmed. Let the court upon entering its final decree assign the property according to the determination expressed in its interlocutory judgment, and at that time (Civ. Code, sec. 140) it may require such reasonable security as it may deem proper for payment of maintenance.

Richards, J., and Waste, P. J., concurred.