[Civ. No. 4681. First Appellate District, Division Two.—December 4, 1923.]

KATIE RADICH, Respondent, v. MARTIN RADICH, Appellant.

[1] DIVORCE—DISPOSITION OF PROPERTY—FINAL DECREE.—In an action for divorce, the trial court cannot assign or dispose of the community property or homestead until such time as the marriage is dissolved absolutely by the final decree of divorce.

[2] ID.—HOMESTEAD—COMMINGLING OF COMMUNITY AND SEPARATE PROPERTY—ASSIGNMENT TO WIFE.—In an action by the wife for divorce upon the ground of extreme cruelty, the trial court, in its findings and likewise in the interlocutory decree, may properly determine that upon the dissolution of the marriage a homestead, consisting partly of community property and partly of the separate property of the husband, should be assigned to the wife, who is the innocent party, for a specified number of years, and that upon the expiration of said period the wife should receive the community interest and the husband his separate interest therein; but the actual assignment of the property in accordance with such determination should be left for the final decree of divorce.

---

1.  Effect of divorce on homestead, notes, 23 **L. R. A.** 239; 16 **L. R. A. (N. S.)** 114.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto for Appellant.

William H. Schooler for Respondent.

LANGDON, P. J.—Plaintiff was granted an interlocutory decree of divorce from the defendant upon the ground of his extreme cruelty and no objection is made by the appellant to the findings upon this issue. The only question raised upon the appeal is the correctness of the trial court's conclusions of law regarding certain real property. The court made a finding that said real property, situated in the city and county of San Francisco and more particularly described in said findings, stands of record in the names of plaintiff and defendant jointly; that the defendant has an interest therein in the sum of one thousand dollars as his separate property; that the community interest in said property is seven hundred dollars and that said property is now subject to a mortgage on which there is a balance due and unpaid of fifteen hundred dollars; that a declaration of homestead was made upon said property by the plaintiff who selected said property as a homestead and made such declaration of homestead for the joint benefit of herself and the defendant.

The trial court did not make any disposition of this property, but entered herein the following conclusions of law respecting the future disposition of the same and also included in the interlocutory decree of divorce a similar statement: "That in case of the dissolution of the marriage now existing between the plaintiff and the defendant by the decree of this court, the community property and the homestead, ought to be and should be, assigned as follows:

"(a) The proportion of the community property which should be assigned to the plaintiff Katie Radich is all of the community property;

"(b) The homestead of the parties to this action, which is all of the real property hereinbefore described, and which

was selected by the plaintiff Katie Radich, as a homestead and which stands of record jointly in the name of plaintiff, Katie Radich, and the defendant, Martin Radich, and in which the said defendant Martin Radich has an interest therein of the value and in the sum of one thousand dollars, as his separate property, and of which the community interest in said property is in the sum and of the value of seven hundred dollars, ought to be and should be assigned to Katie Radich, the innocent party, in the manner following:

"The community interest in said described real property to the value of seven hundred dollars to the said Katie Radich absolutely to have and to hold the same thereafter as and for her separate property; the separate property interest of the defendant Martin Radich in said homestead to the value of one thousand dollars ought to be and should be, assigned to Katie Radich, the innocent party, for a limited period, to wit: for a period of twelve years, and thereafter, and when said limited period of twelve years will have expired, the separate property interest of said defendant Martin Radich in and to said above described real property ought to be and should be assigned to the defendant, Martin Radich."

The contention of the appellant is that while section 146 of the Civil Code provides what may be done with community property and what may be done with a homestead selected from either the community property or the separate property of the spouses upon the dissolution of a marriage, the property contemplated thereby must be entirely community or entirely separate property and that the trial court had no power to make disposition of property which was in part community and in part separate property. No actual disposition of the property was made by the trial court. **[1]** The marriage was not dissolved by the interlocutory decree of divorce (*London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460, 463 [184 Pac. 864]), and consequently the court could not assign or dispose of the community property or homestead until such time as the marriage was dissolved absolutely by the final decree of divorce. (*Remley* v. *Remley*, 45 Cal. App. 489 [195 Pac. 604]; *Strupelle* v. *Strupelle*, 59 Cal. App. 526 [211 Pac. 248].)

[2] The case last cited is authority for the disposition of the property in the manner suggested by the trial court in its conclusions of law in the instant case. The property involved in the Strupelle case consisted of two parcels of land in the city of Santa Barbara, one of which had been purchased by the husband with his separate property and the other with community funds. A homestead had been declared which covered both lots. The trial court assigned the homestead to the plaintiff as the innocent party in the divorce action. Upon appeal it was said: "In its findings, and likewise in its interlocutory decree, the trial court properly determined the status of the property and properly determined how it ought to be assigned. But the actual assignment of the property should have been left for the final decree of divorce. A court may assign to the innocent party the community property or the homestead 'in case of a dissolution of the marriage' (Civ. Code, sec. 147). The interlocutory judgment is not a decree of divorce, nor does it dissolve the marriage. The court therefore should not assign or dispose of the community property or homestead until such time as the marriage is absolutely dissolved by the final decree of divorce. . . . Upon entering its final decree of divorce the trial court will assign the property according to the determination expressed in the interlocutory decree."

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.