[Civ. No. 8195.   First Appellate District, Division One.—September 26, 1932.]

HOLGER JENSEN PEIS, Appellant, v. ERNEST MOHR, as Administrator, etc., Respondent; CLARA THOMINE MARIE HANSEN et al., Interveners and Respondents.

Hazel Utz for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and C. Coolidge Kreis for Respondents.

ATTERIDGE, J., *pro tem.*—Plaintiff appeals from an adverse judgment in an action brought by him to quiet title in and to his alleged interest in certain real property in process of administration in the estate of his deceased wife.

Some six months prior to his wife's death an interlocutory decree of divorce had been entered in her favor against appellant upon the ground of extreme cruelty. No appeal or other attack upon this interlocutory judgment had been taken within any of the periods of final limitation prescribed by statute for such attack either by appeal or motion. By its terms the interlocutory decree purported to settle the property rights of the litigants. Its language in

this respect was: " . . . the. following described *community* property . . . shall be and *is hereby awarded* and assigned to . . . plaintiff . . . to be hers absolutely and forever". (Italics ours.)

Prior to the institution of the divorce suit the wife had declared a homestead upon the particular property which is the subject of the present quiet title action. It is the contention of respondents that the effect of the interlocutory decree of divorce was to dissolve the homestead and to award the property previously supporting it absolutely and forever to the now deceased wife, and that by reason of appellant's failure to attack the same within six months, it became and is a final adjudication against all and singular property and survivorship rights of the present plaintiff in and to the said community and homestead property.

In support of their contention respondents rely upon a long line of cases, of which *Abbott* v. *Superior Court,* 69 Cal. App. 660, 664 [232 Pac. 154], and *Klebora* v. *Klebora,* 118 Cal. App. 613 [5 Pac. (2d) 965], are fairly representative. Those cases in effect hold that where an interlocutory decree has been entered which therein affirmatively determines how the community property of the spouses is awarded, and all periods of time have expired within which it might have been attacked either by appeal or motion, it thereupon becomes at the end of such periods of limitation a conclusive adjudication of all property rights embraced within its provisions.

In opposition to respondents' above-stated contention, appellant urges that a trial court is without power to effect a final determination of the property rights of the spouses in and to community and homesteaded property until such time as the marriage is actually dissolved by final decree. His argument in this respect is that since rights in both homestead and community property of the given character are essentially and fundamentally based and dependent upon the present and continuing existence of the marriage status, it consequently follows that such rights can only be overcome, divested or. altered by an immediately effective change of such legal status and that such change can only be effected by a final decree of divorce. It must be conceded that much color is lent to the force of appellant's argument in this respect by certain extensive declarations to that effect

which are to be found in the cases of *Remley* v. *Remley,* 49 Cal. App. 489 [193 Pac. 604, 605], *Strupelle* v. *Strupelle,* 59 Cal. App. 526 [211 Pac. 248], and *Radich* v. *Radich,* 64 Cal. App. 605 [222 Pac. 182], and also that the correctness of appellant's said position may not be successfully gainsaid if the certain referred to expressions of opinion contained in the above-mentioned decisions are accepted according to their apparent tenor without further qualification or attempted differentiation. But it is to be noted that in each of the above referred to cases an appeal was taken within the statutory period, and it therefore follows that many of the referred to expressions were in the nature of *dicta,* as indeed they are so characterized in the case of *Klebora* v. *Klebora, supra.* Expressions of the given character ought not be permitted to overcome the long line of authority expressing, in so far as they relate to the situation presented by the present appeal, a contrary view (which will be found cumulated in an annotation contained in 76 A. L. R., at page 293), unless some highly persuasive reason not hitherto considered urgently impels such action.

It should be further stated that these very cases were aptly distinguished from those declaring the more generally recognized rule (as contended for respondents) in the case of *Abbott* v. *Superior Court, supra,* upon the precise ground that in each of them appeals had been taken from the interlocutory judgments. By reason of the fact that the *dicta* of these decisions have frequently cropped out in one form or another in this and kindred appeals and have thereby had a manifest tendency to unsettle the state of the law upon matters which are frequently the subject of litigation, we deem it advisable to later herein point out another simple and fundamental ground of distinction, which does not appear to have been heretofore stressed upon, although it is but a corollary of the distinction pointed out in *Abbott* v. *Superior Court, supra.*

The basic decision upon which two of the three cases in question ground their respective enlarged premises is *Remley* v. *Remley, supra.* The opinion in that case in so far as it appertained to the matters then properly before the court for decision, simply *held* that a trial court by interlocutory decree of divorce should merely determine how community or homestead property *ought* to be assigned,

"but in such interlocutory judgment the trial court *should not* attempt to destroy the homestead character of the property nor to make an assignment thereof". (Italics ours.) Considered by itself this language falls quite short of authoritatively determining that a trial court is without power to or cannot in any event make the determination thus criticised, even though its act in so doing be concededly erroneous. It is true that the last above-quoted portion of the opinion is followed by the further declaration: "At the time of the dissolution of the marriage, *and at that time only,* the homestead character may be abolished and the property assigned to the respective parties pursuant to the determination made by the court at the time of the trial,"—but in so far as the language last quoted relates to the validity and finality of an interlocutory decree *actually* making such determination and disposition of community or homestead property and from which no appeal has been taken, the same must be held to be mere *dictum.* No such situation (i. e., one involving the effect of a failure to appeal from an interlocutory decree) was before the court. On the contrary the court *was* considering only a direct appeal from an interlocutory judgment and reviewing an assigned error of law, as it obviously had a right to do. This *dictum* was subsequently made the basis of the following more extensive declaration: " . . . the [trial] court *could not* assign or dispose of the community property until such time as the marriage was dissolved absolutely by the final decree of divorce" (italics ours) in *Radich* v. *Radich,* 64 Cal. App. 605, at page 607 [222 Pac. 182, 183], although it was given a requisite and we think more correct qualification in conformity with the original expression thereof in the application given it in *Strupelle* v. *Strupelle, supra,* where the reviewing court contented itself in passing upon a direct appeal from an interlocutory decree of divorce with the following declaration: "The court, therefore, *should not* assign or dispose of the community property or homestead until such time as the marriage is absolutely dissolved. . . . " (Italics ours.)

From our review of the several cases bearing upon the question presented for our consideration, we conceive the true rule to be as follows: A trial court *should not* by interlocutory decree of divorce *eo instante* assign and dis-

pose of community or homestead property, although it may determine therein how such property shall be ultimately awarded and assigned when the marriage is dissolved by final decree of divorce; but if such court by its interlocutory decree does in fact make such determination and award, its act in so doing constitutes an error of law which can be remedied only on seasonable motion for new trial or other appropriate motion or upon direct appeal. It follows that a consequent failure to pursue any of these remedies within any of the prescribed periods of limitation (of which the longest thereof is six months) renders such decree absolute as a final adjudication of the property rights involved, and as such immune from further or collateral attack. It should not escape observation that in every divorce suit where the trial court obtains jurisdiction of the parties and the subject matter of the action, including the matter of settlement of property rights, such court does not exceed its jurisdiction in making by interlocutory decree the final disposition of such rights thus criticised and condemned on direct appeal in *Remley* v. *Remley, supra,* but by so doing merely proceeds irregularly by erring in the exercise of such jurisdiction. Such errors and irregularities may be reviewed and remedied only in the manner hereinbefore pointed out.

It follows from these considerations that the failure of the present appellant to initiate any attack upon the interlocutory decree directly awarding to his wife the property involved in the present quiet title action within the time prescribed by statute had the effect of finally vesting in the wife before her death ownership of said property, and that the judgment of the court below was in this respect correct. In view of this determination it becomes unnecessary for us to discuss a further point urged by respondents in which they assert that a certain alleged ''decree'' of another department of the superior court made in the exercise of its probate functions had the effect of a conclusive adverse determination of appellant's rights in the present action.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.