[Civ. No. 12024. Second Appellate District, Division Two.—November 28, 1938.]

GRACE OVERELL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

David L. Sefman for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Chief Deputy County Counsel, and DeForest M. Neice for Respondent.

WOOD, J.—Petitioner seeks a writ of mandate to compel the superior court to hear and determine her application for an order directing Arthur O. Overell to pay temporary alimony and counsel fees.

Petitioner filed an action for separate maintenance on June 9, 1938, and the application for temporary alimony and counsel fees was made in this action. The facts set forth in

respondent's answer are by stipulation by counsel to be deemed true. From the answer it appears that an action for divorce was commenced by the present petitioner against Arthur O, Overell on November 7, 1933; that an answer and cross-complaint were filed in the divorce action, which went to trial on February 20, 1934. The court filed its findings of fact and conclusions of law in the divorce action on February 27, 1934, and granted an interlocutory decree to the plaintiff therein, who was also awarded the custody of the minor children of the parties, the sum of $400 per month for her support, an additional sum for the support of the children and an allowance of $4,250 as attorney's fees. The court also entered judgment concerning the property claimed by the parties. The petitioner herein, the plaintiff in the divorce action, appealed from a portion of the judgment then rendered but no decision was rendered on appeal and on March 4, 1936, the appeal was dismissed. The interlocutory judgment is now in full force and effect and no final decree of divorce has ever been entered in the divorce action or denied therein and said action is still pending in the respondent superior court. In her affidavit filed on June 17, 1938, in support of her present application petitioner admits that the defendant in the maintenance action had paid to her the sum of $5,200 during the preceding year. In reply to petitioner's order to show cause Arthur Overell appeared in the superior court and objected to the issuance of an order for temporary alimony and counsel fees in the separate maintenance action on the ground that the divorce action was still pending; that the interlocutory decree had become final and that no final decree of divorce had been applied for by either party or granted or denied by the respondent court; that said divorce action constituted a bar to the proceedings in the separate maintenance action. The judgment roll in the divorce action was received in evidence.

Petitioner requested a continuance of the hearing in the lower court and asked permission to file briefs. This request was granted and the matter was continued until August 10, 1938. Briefs were thereupon filed by the parties. Prior to July 26, 1938, petitioner filed a motion in the divorce action asking that the divorce action be dismissed. She also filed a motion to strike the affirmative defenses presented by Mr. Overell and a demurrer thereto. The court overruled the

demurrer and denied the motion to strike. Thereafter the court entered a minute order in which it is set forth that "defendant's objection to the jurisdiction of the court to hear this matter is sustained".

The interlocutory decree in the divorce action has become final and is *res judicata* on all questions determined therein, including the property rights of the parties. The final dissolution of the marriage was the only question held in abeyance pending the entry of the final decree. (*Borg* v. *Borg*, 25 Cal. App. (2d) 25 [76 Pac. (2d) 218].) The interlocutory judgment entered in the divorce action was subject to be vacated on appeal, but since the appeal has been dismissed it has now become final and the court is without jurisdiction in any proceeding taken in that action to vacate it or nullify its provisions. Neither does the court have authority to modify the terms of the final judgment by permitting the plaintiff in the divorce action to seek different relief on the same subject in an action subsequently commenced for separate maintenance. The maintenance action is, in effect, a collateral attack upon the interlocutory decree, which stands as *res judicata*. (*Dell* v. *Superior Court*, 53 Cal. App. 436 [200 Pac. 85].) Any application that may be properly granted in the matters of support and the custody of the children must be made in the divorce action.

The alternative writ is discharged.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1938.