[S. F. No. 16194.   In Bank.   Nov. 2, 1942.]

LOUIS LEUPE, Respondent, v. MARIE LEUPE, Appellant.

Carl W. Anderson for Appellant.

J. E. McCurdy and J. W. Coleberd for Respondent.

GIBSON, C. J.—The respondent, Louis Leupe, brought an action for divorce. The record now before us does not contain the pleadings then filed nor does it disclose the testimony before the trial court, but it appears that Mrs. Leupe, the appellant herein, cross-complained, and on May 17, 1937, was granted an interlocutory decree of divorce upon the ground of extreme cruelty. The decree, approved as to form by respondent's attorney, awarded him certain enumerated personal property and he was ordered to pay Mrs. Leupe $1,500, in instalments of $25 each month, for her interest in this property and in the business conducted by respondent. A lien was imposed upon the property to secure the payments to be made therefor. In addition to the payments for the personal property, respondent was ordered to pay Mrs. Leupe $50 per month for her maintenance and support, and it was provided that upon completion of the payment of the $1,500 her allowance for maintenance and support should be increased to $75 per month. Also, she was awarded $100 as "additional" counsel fees. No appeal was taken from this decree, and for a period of more than eleven months respondent complied in full with its provisions, paying Mrs. Leupe $300 on account of her interest in the personal property and $600 for her support.

On May 11, 1938, respondent filed notice of a motion to modify the interlocutory decree by terminating the requirement of any further payments to Mrs. Leupe thereunder. In support of this motion he alleged compliance with the decree, but asserted that none of the payments made were necessary for Mrs. Leupe's support, and also alleged that she did not need support from him and that he was unable to make further payments as required by the decree. These assertions were denied by Mrs. Leupe except as to past compliance, and she asked an allowance of counsel fees and costs to oppose the motion.

On June 29, 1938, the trial court made an order modifying the interlocutory decree by providing that the personal property should not be subject to a lien and that respondent should thereafter, pending further order of the court, pay $10 per month for the support of his wife, which sum should not be increased upon completion of the payment of the original sum of $1,500 for the property. The order requiring the payment of the instalments of $25 per month on account of the sum of $1,500 was not changed. The total monthly payments were thus reduced from $75 to $35. At respondent's request the court on July 5, 1938, signed a final decree of divorce, which referred to the interlocutory decree, but in accordance with the order of June 29 provided that the personal property should not be subject to a lien and that thereafter respondent should pay $10 per month for Mrs. Leupe's support. Mrs. Leupe appealed from the order of June 29, from a denial of her counsel fees and costs in defense of the motion, and from that portion of the final decree eliminating the lien and reducing the alimony. Subsequently Mrs. Leupe applied to the court for costs and attorney's fees on appeal and moved for an allowance for care and support pending the appeal. The court denied the requests, and an appeal has also been taken from this order.

Appellant contends that the court had no jurisdiction to terminate the lien or to change other portions of the interlocutory decree relating to property after it had become final and the time for appeal or for relief under Code of Civil Procedure section 473 had expired. Respondent replies that any disposition of property rights by the interlocutory decree was not effective or conclusive until a final decree of divorce was entered, and contends, therefore, that the trial court retained

power to modify its decree. This problem has been before our courts many times since the legislation of 1903 creating the present dual-decree divorce procedure. While the decisions have not been entirely consistent, no decision has been found that can sustain the order removing the lien. With the exception of certain language to the contrary, hereafter noted, the decisions establish that the trial court is without jurisdiction to modify an unqualified disposition of property rights made in an interlocutory decree of divorce except in accordance with the methods applicable to judgments generally, time for which had expired in this case before respondent's motion was made. Even though a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res judicata with respect to all issues determined. (*Dupont* v. *Dupont,* 4 Cal.2d 227 [48 P.2d 677]; *Allen* v. *McCrary,* 220 Cal. 508 [31 P.2d 388]; *Estate of Bollinger,* 170 Cal. 380, 383-384 [149 P. 995]; *Overell* v. *Superior Court,* 29 Cal.App. 2d 418 [84 P.2d 789]; *Borg* v. *Borg,* 25 Cal.App.2d 25, 29 [76 P.2d 218]; *Peis* v. *Mohr,* 126 Cal.App. 300 [14 P.2d 878]; *Klebora* v. *Klebora,* 118 Cal.App. 613 [5 P.2d 965]; *De Haven* v. *Superior Court,* 114 Cal.App. 253 [300 P. 95]; cf. *Greenwood* v. *Greenwood,* 101 Cal.App. 736, 740 [282 P. 433]; see *In re O'Connell,* 80 Cal.App. 126, 128 [251 P. 661]; *Bacigalupi* v. *Bacigalupi,* 72 Cal.App. 654 [238 P. 93]; *Abbott* v. *Superior Court,* 69 Cal.App. 660 [232 P. 154]; see *Newell* v. *Superior Court,* 27 Cal.App. 343, 345 [149 P. 998]; see *Huneke* v. *Huneke,* 12 Cal.App. 199, 203 [107 P. 131]; cf. *John* v. *Superior Court,* 5 Cal.App. 262 [90 P. 53].)

Language may be found in certain decisions which cannot be reconciled with the foregoing cases. In *Estate of Boeson,* 201 Cal. 36, 40 [255 P. 800], relied upon by respondent, it was said that the entry of an interlocutory decree does not sever the marital relation, and that any disposition of property made thereby becomes effective only upon entry of the final decree, until which time property rights remain as before the interlocutory decree. The court cited *Estate of Dargie,* 162 Cal. 51 [121 P. 320], and *Estate of Seiler,* 164 Cal. 181 [128 P. 334, Ann.Cas. 1914B, 1093], but these support only the reference to severance of marital relations. Further, the language in *Estate of Boeson, supra,* is dictum, for although the appellant therein was said not to be barred by the decree, she was held barred upon other grounds. *Roberts* v. *Wehmeyer,* 191 Cal. 601, 615 [218 P. 22], suggests the law to be that "community property may be divided only upon a dis-

solution of the marriage and . . . an interlocutory decree is not such a dissolution.'' This statement of the law has not been followed and has also been characterized as dictum. (*Klebora* v. *Klebora, supra,* p. 621.) Similarly, in *Radich* v. *Radich,* 64 Cal.App. 605, 607 [222 P. 182], it was said by way of dictum that the court could not dispose of community property or a homestead until the final decree. Insofar as the language of these cases suggests that a court is without jurisdiction to make an unqualified disposition of property in an interlocutory decree of divorce, it is in opposition to the cases previously cited and must be disapproved.

An immediate disposal of property upon an interlocutory decree of divorce is thus within the jurisdiction of the trial court. It has been held in certain cases that the trial court *should not* assign and dispose of the community or homestead property immediately by an interlocutory decree of divorce, but should wait until such time as the marriage is absolutely dissolved. (*Remley* v. *Remley,* 49 Cal.App. 489 [193 P. 604]; *Strupelle* v. *Strupelle,* 59 Cal.App. 526 [211 P. 248]; *Radich* v. *Radich, supra;* see *Sullivan* v. *Superior Court,* 72 Cal.App. 531, 534 [237 P. 782]; *Peis* v. *Mohr,* 126 Cal.App. 300, 303-305 [14 P.2d 878]; *Leavitt* v. *Leavitt,* 134 Cal.App. 145 [24 P.2d 910]; but cf. *McDaniel* v. *McDaniel,* 134 Cal.App. 597 [25 P.2d 843].) These cases, however, dealt with direct appeals from interlocutory decrees in which error only was claimed and do not involve questions of jurisdiction or the effect of such decrees after the time for appeal has passed. Furthermore, it has been said that the court generally should determine the property issues at the same time it determines the issues with respect to the divorce, although the court may specify that its determination should not become effective or final until the entry of the final decree. (*Pereira* v. *Pereira,* 156 Cal. 1 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880]; *Webster* v. *Webster,* 216 Cal. 485 [14 P.2d 522]; *Lo Vasco* v. *Lo Vasco,* 46 Cal.App.2d 242 [115 P.2d 562].) This practical solution of the problem was recognized and approved in the Remley and Strupelle cases, *supra.* We need not decide in this case whether it was error to make an immediate assignment of property in the interlocutory decree or whether the right to so dispose of the property of the parties was within the discretion of the court. The time for appeal having elapsed, the determination of property issues in the interlocutory decree became final and was no longer subject to modification except in accordance with the methods applicable to

judgments generally. It follows that the court could not alter the decree by terminating the lien in the present case.

The conclusion reached here should not, of course, be considered determinative of the effect of an immediate disposition of property in an interlocutory decree of divorce where there is a reconciliation before the final decree. We prefer to reserve judgment upon the problems thus raised until the issue is presented directly. (Cf. *Peters* v. *Peters,* 16 Cal.App.2d 383 [60 P.2d 313]; and (1932) 20 Cal.L.Rev. 294, 301.)

An entirely different problem is presented with respect to the suggestion that the award of alimony made in the interlocutory decree was not subject to modification. The Civil Code specifically provides that the court may from time to time modify the award in accordance with the circumstances of the parties. (Civ. Code, § 139; *McClure* v. *McClure,* 4 Cal. 2d 356 [49 P.2d 584, 100 A.L.R. 1257]; see *Dupont* v. *Dupont, supra,* 228.) Appellant urges, however, that respondent was precluded from applying for a modification of the award upon the ground that, prior to the entry of the interlocutory decree, he had agreed to a settlement of the property rights of the parties and to the amount of alimony to be paid in the event of a divorce and upon the ground that his attorney had approved the decree. It is also argued that respondent was estopped from applying for a modification of the award of alimony because he had accepted all the benefits of the decree. The only reference to a property settlement agreement is the statement in Mrs. Leupe's affidavit that "said plaintiff and cross-defendant had agreed with his attorney and the attorney for affiant as to the proposed settlement of the property rights of the parties herein and the amount of alimony to be paid in the event an interlocutory decree of divorce was granted to affiant." None of the terms of the "proposed settlement" are disclosed and it does not appear whether any agreement was actually concluded or whether the terms of the interlocutory decree were in accordance with the terms of the proposed settlement. Neither does the fact that the decree contained the notation "Approved" followed by the signature of respondent's attorney transform the draft of the decree into a contractual agreement. The bill of exceptions expressly states that the approval by respondent's attorney was of the form of the decree. It has been held in other jurisdictions that the signature of the attorney upon a decree following such words as "approved," "assented to," "O.K." or even "approved as to substance and form" does not alone constitute assent to

be bound by the terms of the decree. (*Harter* v. *King County,* 11 Wn.2d 583 [119 P.2d 919]; *Allen & Reed, Inc.* v. *Investments, Inc.,* (R.I.) 182 A. 3; *State* v. *Trotter,* 214 Ind. 68 [14 N.E.2d 550]; *Bank of Gauley* v. *Osenton,* 92 W.Va. 1 [114 S.E. 435]; *Kirn* v. *Ioor,* 266 Mich. 335 [253 N.W. 318].) Finally, respondent's acceptance of benefits under the interlocutory decree cannot be held to estop him from seeking a reduction of alimony. This conduct could at most prevent him from taking a position inconsistent with the decree. Application for a modification of alimony is not inconsistent with the operation of the decree and does not constitute an attempt to annul it. (See *Ross* v. *Ross,* 1 Cal.2d 368, 369-370 [35 P.2d 316].) No basis for an estoppel has been established.

■ Appellant's final contention with respect to the allowance for her support is that the evidence presented to the trial court is insufficient to warrant a reduction of the payments originally ordered. It is clear that a modification of an award pursuant to section 139 of the Civil Code, *supra,* rests within the discretion of the court, and its order may not be set aside without a clear showing of an abuse of discretion. (See, for example, *Whitehead* v. *Whitehead,* 45 Cal.App.2d 447 [114 P.2d 403]; *Willen* v. *Willen,* 119 Cal.App. 483 [6 P.2d 554]; *Marshall* v. *Marshall,* 196 Cal. 761, 765, 767-768 [239 P. 36]; *Bruton* v. *Tearle,* 7 Cal.2d 48, 59 [59 P.2d 953, 106 A.L.R. 580]; cf. *Wilder* v. *Wilder,* 214 Cal. 783 [7 P.2d 1032].) Mrs. Leupe argues, however, that there is no room for an exercise of this discretion unless the moving party is able to show a substantial change in the circumstances of the parties between the entry of the interlocutory decree and the application for its modification. We cannot say on the record before us that the evidence was not sufficient to support a finding of changed circumstances justifying the reduction that was made. First, the testimony upon which the interlocutory decree was based has not been made a part of the record upon appeal, and pursuant to stipulation no findings of fact were made. Therefore we do not know what was considered by the trial court and are unable to determine whether or not different facts were established upon the motion for modification. This situation is almost identical with that recently presented in *Valentine* v. *Valentine,* 47 Cal.App.2d 438 [118 P.2d 17]. A similar order modifying an interlocutory decree was affirmed in that case over an objection that there was no showing of a change of circumstances, the court saying (p. 440): ''As the record at the former hearing is not before us, we cannot say

that the proof was the same as that adduced at the original hearing. In support of the order, we must assume that other and different facts were established at the second hearing." This reasoning is particularly applicable in the instant case because the same trial judge presided at both hearings, and we cannot assume that he would have altered the award in the absence of such a showing.

Further, even if we should assume that the only change in circumstances is that disclosed by respondent's affidavit and testimony set forth in the bill of exceptions, it would be difficult to hold this showing insufficient. As in other cases requiring a determination of the sufficiency of the evidence, the only question for the appellate court is whether there is any substantial evidence supporting the decision; this evidence must be presumed true and testimony to the contrary need not be considered. (*Gates* v. *McKinnon*, 18 Cal.2d 179, 180 [114 P.2d 576]; *Raggio* v. *Mallory*, 10 Cal.2d 723, 725 [76 P.2d 660].) The evidence relating to the financial affairs of the parties was in sharp conflict, but the testimony in favor of respondent indicated that his business had declined, that he owed money on his machinery and equipment and that he was in danger of losing the machinery and being forced to discontinue the business. Respondent also testified that Mrs. Leupe had the money which she had received from him on deposit in a particular bank and that she had no need for support from him. With this evidence in the record and without the testimony given at the first hearing it is impossible to hold that the trial court abused its discretion in reducing the total monthly payments from $75 to $35 until further order of the court.

The remaining question to be considered is appellant's contention that the court improperly denied her applications for costs and attorney's fees. The granting or rejection of such a request lies within the sound discretion of the trial court, and the factors to be considered include the respective financial resources of the parties. (*Wilder* v. *Wilder*, 214 Cal. 783 [7 P.2d 1032]; *Arnold* v. *Arnold*, 215 Cal. 613 [12 P.2d 435]; *Kellett* v. *Kellett*, 2 Cal.2d 45 [39 P.2d 203]; *Comey* v. *Comey*, 8 Cal.2d 453 [66 P.2d 148]; see *McClure* v. *McClure*, 4 Cal.2d 356, 362 [49 P.2d 584, 100 A.L.R. 1257].) As the court said in the Kellett case, *supra*, at pages 49-50: "The matter was so wholly in the discretion of the trial court that in order to set aside its order refusing the application a very strong case must be made out in favor of the plaintiff." While

it has been held an abuse of discretion to deny an allowance for costs and attorney's fees where it appears uncontroverted that appellant does not have the necessary funds and that respondent is able to pay (*Norris* v. *Norris,* 50 Cal.App.2d 726 [123 P.2d 847]), such a situation is not presented by the record now before us. The court may have taken into account the provision for fees made in the interlocutory decree, and in view of the evidence discussed above with regard to the reduction of alimony we cannot say the trial court erred in refusing to allow costs and attorney's fees. This conclusion also applies to appellant's request for an additional allowance for support pending appeal. (Cf. *Kellett* v. *Kellett, supra*; *Comey* v. *Comey, supra.*)

The orders of the court below are reversed insofar as they purport to terminate the lien imposed upon the personal property. In all other respects they are affirmed. Each side is to bear its costs upon this appeal.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J. pro tem., concurred.