[Civ. No. 19807. Second Dist., Div. Two. Dec. 17, 1953.]

VIOLA R. KARLEIN, Respondent, v. LUDWIG KARLEIN et al., Defendants; HILDA GREIS, Appellant.

114

William Hicks for Appellant.

McIver & Snow, Harold S. Snow and Robert Miller Green for Respondent.

MOORE, P. J.—On November 10, 1949, respondent, Viola R. Karlein, filed a complaint for divorce against defendant, Ludwig Karlein, in which she alleged that the family residence on Lot 59 owned by them in joint tenancy was community property. A default judgment having been entered January 12, 1950, was subsequently set aside on motion of the husband. While the divorce action was still pending, the husband quitclaimed his interest in the property to appellant, Hilda Greis, his sister. The deed was recorded October 22, 1951. A second interlocutory decree of divorce based upon the finding that the residential realty was community property awarded it to the wife. No appeal having been taken within 60 days, on April 14, 1952, the wife filed her complaint in two counts to quiet title to the property awarded her by the divorce decree. By count I she sued to quiet title; by count II she sued to annul the deed from the husband to his sister. Judgment for the wife on both counts was entered January 19, 1953, from which comes this appeal by the sister. The husband had disclaimed as to count I and defaulted as to count II.

 The effect of a judgment or final order in an action before a court having jurisdiction to pronounce the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action. (Code Civ. Proc., § 1908 (2).) This statute is applicable to the case at bar and is conclusive of the questions on appeal.

The status of the title of the property was placed in issue by the complaint in the divorce action. The interlocutory decree adjudged the home place to be community property and awarded it to the wife. Since no appeal was taken from the decree, the award of the property to Viola is final. (*Leupe* v. *Leupe*, 21 Cal.2d 145, 149 [130 P.2d 697].) The authorities relied on by appellant which hold that the disposition of property by interlocutory decree is not final (*Slavich* v. *Slavich*, 108 Cal.App.2d 451, 460 [239 P.2d 100], and *Wilson* v. *Wilson*, 76 Cal.App.2d 119, 129 [172 P.2d 568])

are actions in which an appeal *was taken* from the interlocuutory decree. That factual situation is expressly distinguished from the cause at bar by the Leupe opinion.

After the first interlocutory decree was entered, but before the property was conveyed to the sister, the wife wrote a letter to Hilda in which she set out the events leading to the divorce action and said, "In the divorce court I was awarded the home, furniture and the children. . . . As you know Ludwig had everything mortgaged, I am going to try and save the home . . . the taxes $239 were not paid and they will have to be taken care of. . . . I am going to work very hard. . . ." From this letter, appellant had such notice of the divorce action and its effect upon the title of Lot 59 as was sufficient to advise her of the current status of such title or to put her on inquiry into the rights of her brother with respect to the ownership or possession thereof.

The property is located in Los Angeles County. Since both parties appeared in the action, the jurisdiction of the court is not in question.

Appellant raises other assignments of error, but in view of the conclusion above announced the asserted errors could not have prejudiced her cause, as indeed they must in order to justify a reversal. (Const., art. VI, § 4½.) Hence, they will not be considered here.

The decree is affirmed.

McComb, J., and Fox, J., concurred.