[Civ. No. 24142.   Second Dist., Div. Two.   Jan. 25, 1960.]

ERMA MARIE BROWN, Respondent, v. JOSEPH JAMES BROWN, Appellant.

Mitchell, Doherty & Mitchell and James H. Mitchell for Appellant.

Robert E. Benton for Respondent.

HERNDON, J.—Defendant husband appeals from an interlocutory judgment of divorce rendered in favor of plaintiff-respondent Erma Marie Brown. His sole contention is that the trial court erred in attempting to make an immediately

effective division of the community property of the parties by means of the interlocutory judgment.

The operative facts are simple and undisputed. The community property of the parties included certain household furnishings and 30,000 shares of a closely held California corporation known as Western Stamping, Inc., registered in the name of the husband. The wife sued for divorce, charging extreme cruelty and habitual intemperance. On May 8, 1959, the wife was granted an interlocutory decree of divorce which contained the following language: "It Is Further Adjudged that the 30,000 outstanding shares in the name of defendant Joseph James Brown of that certain California corporation known as Western Stamping, Inc., are the community property of the parties hereto, and that 15,000 shares of said corporation shall *forthwith* be transferred to plaintiff to be registered in her name alone as her sole and separate property, and said 15,000 shares shall have full voting rights. In the event either plaintiff or defendant shall decide to sell their 15,000 shares or any part thereof, then before said sale is consummated to any person, company or corporation, the party to this action who has not decided to sell shall have first right of purchasing said stock from the selling party.

"It Is Furthur Adjudged that the household furniture is the common property of the parties hereto, and the same *is hereby* awarded to plaintiff." (Emphasis supplied.)

Appellant does not question the fairness of the division of the community property of the parties, but contends only that the trial court should not have made such division immediately effective upon the entry of the interlocutory judgment. The controlling authorities compel us to sustain appellant's contention.

[■■] During the continuance of the marriage relation, the husband has the right to control and manage the community personalty, subject to certain restrictions not here material. (Civ. Code, §§ 161a, 172.) [■■] An interlocutory judgment of divorce is not a decree of divorce and the parties continue to be husband and wife until the entry of a final decree of divorce. (*Remley* v. *Remley,* 49 Cal.App. 489, 491 [193 P. 604]. See also 16 Cal.Jur.2d 412, Divorce and Separation, § 122, and cases cited therein.)

[■■] An adjudication of property rights may be incorporated in the interlocutory decree, if the parties' property rights are in issue and the property in question is situated within the state. (*Abbott* v. *Superior Court,* 69 Cal.App. 660,

664-665 [232 P. 154]; *McDaniel* v. *McDaniel,* 134 Cal.App. 597, 599 [25 P.2d 843]; *Warburton* v. *Kieferle,* 135 Cal.App. 2d 278, 284-285 [287 P.2d 1]; and see 16 Cal.Jur.2d 408-409, Divorce and Separation, § 119, and cases cited therein.)

■ In addition, it is now settled that although an interlocutory decree does not sever the marital relation, the trial court does not lack *jurisdiction* to make a present disposition of community property rights therein. (*Leupe* v. *Leupe,* 21 Cal. 2d 145, 147 et seq. [130 P.2d 697]. See also *Gould* v. *Superior Court,* 47 Cal.App. 197, 200 [191 P. 56]; *Abbott* v. *Superior Court, supra; Klebora* v. *Klebora,* 118 Cal.App. 613, 618 [5 P.2d 965]; *Peis* v. *Mohr,* 126 Cal.App. 300, 301 et seq. [14 P.2d 878]; *Coffer* v. *Lightford,* 129 Cal.App.2d 191, 194 [276 P.2d 618].)

However, in cases where the interlocutory judgment has been challenged on appeal, it has been held repeatedly that it is error for the trial court to make a present disposition of the community property in the interlocutory judgment. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214 [259 P.2d 656]; *Wilson* v. *Wilson,* 76 Cal.App.2d 119, 129 et seq. [172 P.2d 568]; *Slavich* v. *Slavich,* 108 Cal.App.2d 451, 457 [239 P.2d 100]; *Dowd* v. *Dowd,* 111 Cal.App.2d 760, 765 [245 P.2d 339]; *Mueller* v. *Mueller,* 144 Cal.App.2d 245, 248 [301 P.2d 90].)

The above quoted provisions of the judgment presently under review contain words which obviously purport to accomplish an immediately effective division of community property. Thus, it is inescapable that we are confronted with a violation of the rule established by the last cited line of decisions. Accordingly, said judgment is hereby modified as follows: (1) by striking the word "forthwith" from the first quoted paragraph thereof; (2) by striking from the second quoted paragraph the words "is hereby" and inserting in lieu thereof the words "shall be"; and (3) by adding at the end of the second quoted paragraph the following sentence: "The provisions of this judgment dividing and disposing of the community property of the parties hereto shall be effective upon the entry of the final judgment of divorce herein."

As thus modified, the judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.