[Civ. No. 19522.   First Dist., Div. Two.   July 5, 1961.]

MILDRED PAULINE CLARK, Respondent, v. ALBERT GEORGE CLARK, Appellant.

Edwards & Friborg for Appellant.

Stark & Champlin and John F. Banker for Respondent.

DRAPER, J.—Interlocutory decree of divorce directed defendant husband to pay alimony and child support. Within six months, he moved to modify the decree by eliminating the provision for alimony. His motion was denied, and he appeals.

Defendant is a real estate salesman. His earnings are wholly from commissions. His testimony was that while his income had averaged nearly $5,500 per year for five years before the decree, it had fallen to a total of $440 in the five months preceding hearing upon his motion. He contends that the trial court acted arbitrarily in refusing to recognize that this decrease in earnings required modification of the decree. He overlooks testimony from which the court could have concluded that currently he was not applying himself diligently to his real estate business. Also, there was his own testimony that he had secured reinstatement in the butcher's union just before the hearing, and that the pay scale for butchers is $119.40 per week.

The court may look to earning capacity, as well as actual income, in determining ability to pay (*Webber* v. *Webber,* 33 Cal.2d 153 [199 P.2d 934] ; *Evans* v. *Evans,* 173 Cal.App.2d 714, 716-717 [343 P.2d 997] ; *Woolams* v. *Woolams,* 115 Cal.App.2d 1, 6-7 [251 P.2d 392]). From the evidence, the court could have concluded that the earning capacity of defendant had not in fact declined. Modification of an alimony allowance is within the sound discretion of the trial court, and its order will not be disturbed in the absence of a clear showing of abuse of discretion (*Leupe* v. *Leupe,* 21 Cal.2d 145, 151 [130 P.2d 697]). No such showing is here made.

Order affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.