[Civ. No. 892.   First Appellate District.—March 11, 1912.]

F. W. BURKI, Appellant, v. PLEASANTON SCHOOL DISTRICT OF ALAMEDA COUNTY, a Municipal Corporation, etc., W. H. COPE, F. M. DONOHUE, and L. C. WALTER, Trustees of said School District, Respondents.

SCHOOL BUILDING—POWER OF BOARD OF TRUSTEES—CONDITIONS OF CONTRACT TO BUILD—ACCEPTANCE OF PLANS—APPROVAL OF BOND—CONSTRUCTION OF STATUTE.—It is held that under a fair construction of the act of 1872 (Stats. 1872, p. 925) providing for the erection of public school buildings, it empowers the board of trustees of a school district to accept the plans and specifications of an architect for a school building only upon the condition of the execution and approval of the required bond, and both the acceptance of the plans and specifications and the execution and approval of such bond are

essential conditions of a valid contract for the erection of such school building.

ID.—COMPLAINT OF ARCHITECT FOR DAMAGES FOR BREACH OF CONTRACT— CAUSE OF ACTION NONEXISTENT.—A complaint by the architect for damages for alleged breach of a contract to erect the public school building, which merely alleges that the plans and specifications submitted by him therefor were accepted by the board of trustees of the school district, and that he prepared and delivered a bond in the required sum, which shows that it was delivered long after its date, contrary to the statute, and avers that the bond was disapproved and rejected by the board of trustees, and that they notified plaintiff that they had rescinded their action and had advertised for new bids, without further averment, shows on its face that the alleged contract sued upon never existed, and never could exist, and a general demurrer thereto was properly sustained, without leave to amend.

ID.—FAILURE TO GIVE STATUTORY BOND NOT MATTER OF DEFENSE.— Where the plaintiff has assumed to set forth all of the facts, and that the alleged statutory bond set forth was rejected for the reason appearing upon the face of the complaint, that it did not comply with the statute, and that the bond was rejected on that ground, besides for a different reason, it cannot be tenably claimed that the failure to give the statutory bond should be pleaded as a defense, and cannot be taken advantage of by demurrer.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Langan & Mendenhall, and Emil Pohli, for Appellant.

Wm. H. Donahue, District Attorney, and Walter J. Burpee, Deputy District Attorney, for Respondents.

LENNON, P. J.—This is an action upon an alleged contract which it is claimed that the defendants made with the plaintiff for personal services as a supervising architect and for plans and specifications of a proposed new school building in Pleasanton school district.   A general demurrer, grounded upon the insufficiency of the facts stated in plaintiff's complaint to constitute a cause of action, was sustained without leave to amend.   Thereupon judgment was ordered and entered, denying plaintiff any relief and awarding costs to

the defendants, from which the plaintiff has appealed upon the judgment-roll.

The complaint in substance and effect alleges that the defendants, as the board of school trustees for Pleasanton school district, in accordance with the requirements of an act to regulate the erection of public buildings and structures (Stats. 1871–72, p. 925), invited architects generally to submit plans and specifications for the erection of a proposed new school building. In the published notice inviting the competition of architects it was specified that the defendants, as the board of trustees, were authorized to expend $26,000 in the construction of the building, and that a premium of three and one-half per cent of the contract price would be allowed to the successful architect upon the adoption of his plans and specifications, and that the architect whose plans and specifications were finally adopted would be required to superintend the erection of the building, for which he would be paid, in addition to the original premium, a fee of one and one-half per cent of the contract price. It was further specified in said notice ''that prior to awarding any premium for said plans and specifications said board would require said architect to give a good and sufficient bond . . . in the penal sum of five thousand dollars, to be approved by the board of trustees, and conditioned that within sixty days from the date of said bond the said architect will, on presentation to him, enter into a contract containing such conditions and provisions as may be required of him by such board of trustees.''

Within the time required by the notice plaintiff prepared and submitted to the defendants plans and specifications for the proposed building, and thereafter, it is alleged, the defendants accepted and adopted the same, and employed the plaintiff as the architect of the proposed building, and directed that he give a bond in the sum of $5,000 in accordance with the requirements of its published notice and the act hereinbefore referred to.

Subsequently, on September 14, 1909, the plaintiff prepared and delivered to the defendants a bond in the specified amount, dated August 19, 1909, and conditioned among other things that, within sixty days from the date of the bond, the plaintiff would ''on presentation to him enter into a contract containing such provisions and conditions as may be

required by the school district and board of trustees thereof, etc.''

The defendants refused to approve this bond, for the reason, affirmatively alleged in the complaint, that they ''had received some information that the proposed school building could not be constructed for $26,000, and that said building would be unsafe and unfit for occupancy as a school building if built according to the plaintiff's plans and specifications, and for the further reason that said bond was dated August 19, 1909, instead of the day of delivery.''

Immediately following the rejection of the bond the defendants, by resolution, rescinded the previous action of the board in the matter, and advertised for other plans and specifications, and notified plaintiff of its action.

It is not alleged in the complaint that the defendants presented any contract to the plaintiff for execution, or that his plans and specifications were ever used by the defendants, or that the proposed building was ever erected.

In support of the judgment the defendants rely mainly upon the contention that the plaintiff's complaint does not and cannot be made to state a cause of action, because it affirmatively appears from the facts pleaded that the contract sued on was never legally consummated, in this, that the bond furnished by the plaintiff was not conditioned and approved as required by the law and the notice calling for the submission of plans.

The act of April, 1872, under which the proceedings for the erection of a school building were inaugurated, provides in effect that when by any statute of this state power is given to any board to erect any public building, it shall be the duty of said board to advertise for plans and specifications, and to state in the advertisement the amount authorized by law to be expended in the erection of the building and the premium awarded to the contractor whose plans and specifications may be adopted; and that ''whenever the plans and specifications of any architect shall be adopted'' the board must ''before any premium shall be awarded for such plans and specifications, require such architect to execute and file with the . . . board of trustees . . . a good and sufficient bond . . . in the penal sum of five thousand dollars, to be approved by the . . . board of trustees . . . and conditioned that, within sixty days from the date of said bond, he will, upon presentment

to him, enter into a contract containing such provisions and conditions as may be required by such board of trustees . . . and also conditioned that he will give such further bond to secure the faithful performance of such contract . . . in the event that such board should within said sixty days" require said architect to enter into a contract to erect the building at the price specified in the published notice.

The concluding clause of the act provides that all contracts entered into in violation of the act shall be null and void.

It is the plaintiff's theory that the allegations of his complaint show a completed contract not only for his plans and specifications, but for his individual services as well as superintendent of the proposed building, and having, as he claims, performed all the conditions required of him by the law and the published notice of the defendants, they must respond in damages for the alleged breach of the contract.

Plaintiff construes the statute in question to mean that the approval of the board is not a condition precedent to the payment of the premium to the architect whose plans have been adopted, and that the only purpose of the bond is to insure the proper performance of any subsequent contract which the board may make with the architect. In order to sustain this construction of the statute it would be necessary to first read out of it the clause which provides that "Whenever the plans and specifications of any architect shall be adopted such board of trustees . . . shall, before any premium shall be awarded for such plans and specifications, require such architect" to execute a bond, to be approved by the board, and conditioned that "within sixty days from the date of said bond he will, upon presentment to him, enter into a contract," etc. A fair construction of the act in question compels the conclusion, it seems to us, that it empowers the defendants to accept the plaintiff's plans and specifications only upon the condition of the execution and approval of the required bond, and that therefore two things must happen before a contract with an architect can be legally consummated and a premium awarded, namely, delivery and adoption of the plans and specifications, and the execution and approval of the required bond. (*Tilley* v. *County of Cook*, 103 U. S. 155, [26 L. Ed. 374]; *Mann et al.* v. *Town of Rochester*, 29 Ind. App. 12, [63 N. E. 874]; *Walsh* v. *St. Louis Exposition*, 101 Mo. 534, [14 S. W. 722]; *Smithmeyer*

18 Cal. App.—32

v. *United States,* 147 U. S. 342, [37 L. Ed. 196, 13 Sup. Ct. Rep. 321].)

In the case at bar but one of the enumerated essentials of the statutory contract is pleaded as having been performed, namely, the presentment and adoption of the plans and specifications. The other essential—the giving and approval of the required bond—it affirmatively appears from the allegations of the plaintiff's complaint, has never been complied with. True, a bond was presented for the approval of the defendants, but, as appears from the complaint, the condition of the bond in the material matter of time was radically different from the condition prescribed by the statute; and if, as we think, the adoption of plans and specifications was, in obedience to the requirements of the statute, conditional upon the execution and approval of the required bond, then, in the absence of such a bond, duly approved, no valid contract could be entered into by defendants with the author of such plans and specifications. If we are correct in this conclusion, it follows that the complaint does not and cannot be made to state a cause of action.

It was suggested in the plaintiff's brief that, even if it be conceded that plaintiff failed to give the statutory bond, this was a matter which should be pleaded as a defense, and that it cannot be taken advantage of by demurrer. This contention is untenable. The plaintiff undertook to plead all of the circumstances of the transaction, apparently in anticipation of any defense which might be available to the defendant. He is bound by the facts pleaded in his complaint; and as it is apparent upon the face of the complaint that those facts do not and cannot be made to state a cause of action upon a completed and valid contract, the demurrer was correctly sustained without leave to amend.

The judgment appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.