[L. A. No. 14062. In Bank.—July 28, 1933.]

PLEASANT B. CURRY, Appellant, v. HARRY FEIGEN-BAUM et al., Respondents.

Harry J. Miller for Appellant.

Harry Lyons and Lyons & Lyons for Respondents.

PRESTON, J.—In this cause the trial court rendered judgment for defendants after sustaining their objection to the introduction of testimony upon the ground that the complaint failed to state a cause of action. Plaintiff appealed.

The complaint alleged that on February 3, 1927, plaintiff became the owner of certain apartment-house property, subject to a $65,000 encumbrance held by defendant Harry Feigenbaum under a deed of trust calling for payments to him of principal and interest at the rate of $600 a month; that on August 30, 1928, there was due and owing to said defendant $3,154 advanced by him for taxes and assessments on the property in addition to the $600 installment payable August 15, 1928; that plaintiff was physically and

mentally ill, inexperienced in business and financially embarassed and said defendant, an experienced business man, induced her, through threats of a receivership and loss of her interest, to cause the property to be deeded to him in the name of his son and daughter-in-law (co-defendants herein), in return for an option permitting plaintiff to purchase property at any time up to January 2, 1929. The complaint further alleged that this deed was intended to be a mortgage, prayed that it be so adjudged and that plaintiff have an accounting of defendants' management of the property.

The option agreement, made an exhibit to the complaint, shows that the property was subject to a first mortgage of $90,000 and said second encumbrance of $65,000, $51,200 of which remained unpaid; and that plaintiff should have the privilege of purchasing it within the above-mentioned period, subject to said encumbrances, upon payment to said co-defendants of the sum of $7,753.61, which amount probably represents the aforesaid payments due defendant Harry Feigenbaum, in addition to payments of principal and interest falling due over the period of the option.

But said option agreement also shows that on August 30, 1928, the property was conveyed by one Marie K. Wheelock to defendants. Thus it conclusively appears that plaintiff neither had title to the property on that date nor did she make the deed which she now claims was in reality a mortgage. Her connection with the conveyance, if any, is nowhere shown. The complaint merely alleges general ownership in plaintiff and that she "caused" the deed to be made. How or when said Marie K. Wheelock acquired the property does not appear nor is her relation to plaintiff explained. The terms of the trust deed and conveyance are not set forth. The option, on its face, is not an agreement to reconvey to the grantor but an agreement to convey to plaintiff, a stranger to the deed. The insufficiency of the pleading is apparent. No request was made to amend. Therefore, the court properly sustained defendants' objection to the introduction of evidence and rendered judgment in their favor.

The judgment is affirmed.

Langdon, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.