[Civ. No. 6053.   Third Appellate District.—December 20, 1938.]

ROBERT B. POWELL, Trustee in Bankruptcy, etc., Appellant, v. L. E. LAMPTON, Clerk of the Superior Court, etc., et al., Defendants; A. VAN MATRE et al., Respondents.

Albert A. Kidder for Appellant.

Call & Murphey and Guy T. Graves for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment of dismissal of an action to quiet title to a fund of

$3,348.52, which judgment was rendered after a general and special demurrer to the complaint had been sustained without leave to amend the pleading.

It is contended the court erred in sustaining the demurrer for the reason that the complaint does state a good cause of action to quiet title to personal property, and because the trial judge abused his discretion in failing to grant the plaintiff leave to amend the pleading. No application to amend the complaint was made by the plaintiff.

The complaint purports to state a cause of action by the trustee of a bankrupt estate belonging to Theodore N. Dyches, to quiet title to a fund of $3,348.52 *in custodia legis*. To identify the fund in controversy, it is specifically alleged that the title to the identical fund was involved "in another action in the above entitled court" numbered 371,067, filed March 16, 1934, in which Theodore .N. Dyches, the above-named bankrupt, was one of the defendants. The complaint in this case then states that in the former action "certain of said defendants were served with summons and complaint therein; that certain of said defendants defaulted; that certain of said defendants answered"; that findings and judgment were entered therein on July 1, 1935; that the judgment "was not appealed from by certain defendants", but that other defendants did perfect their appeal therefrom and that the former suit was still pending.

To the complaint in this action the defendants filed a general and special demurrer. The special demurrer for uncertainty asserts that it cannot be determined from the allegations of the complaint whether Theodore N. Dyches, the bankrupt whom this plaintiff represents, was served with process and answered in the former suit; whether he defaulted in that action; whether judgment was rendered against him for title to and possession of the fund which is involved in this case, or whether the judgment in the former action became final against him.

That demurrer was sustained without leave to amend the complaint. No application to amend the pleading was made by the plaintiff.

The demurrer was properly sustained. The allegations of the complaint are clearly uncertain. The complaint identifies the fund of $3,348.52 in controversy, as the same money to which title was claimed by the representative of

the same individual in behalf of whom it is sought to recover the money in this action. If the judgment in the former suit became final and it determined that this plaintiff, Theodore N. Dyches, had no title to the fund, that case would become *res judicata* of the issues in this cause. If the judgment in the former case did not become final, but is still pending, as it was alleged in this complaint, then it would become a valid ground of demurrer under section 430 of the Code of Civil Procedure for the reason that there was another action pending for the same cause. ■ On the principle that for the purpose of ruling on the demurrer the allegations of the complaint must be taken most strongly against the pleader, the trial court was authorized in assuming that either a default had been taken against the claimant of that fund in the former action, or that judgment had been rendered against him, and he had appealed therefrom. In either event, the court properly sustained the demurrer on the ground of uncertainty. In order to determine whether the representative of this plaintiff, Theodore N. Dyches, who claims title to the $3,348.52 fund was a party to a former suit to quiet title to the same fund, either determined or pending, because he had been served with process and had answered the complaint, or whether he had defaulted in that suit or whether a judgment had been rendered against him, and he had appealed therefrom, it became necessary to make the allegations more definite and certain as to whether he was included in the term ''certain defendants'', which is used in attempting to identify the particular fund in paragraph IV of the complaint in this case. These defendants were entitled to that information, so they might properly demur or answer this complaint on the ground of *res judicata,* or of another pending case involving the same issues.

■ Even though a good cause of action to quiet title to the fund in question might have been pleaded without alleging the facts which show on the face of the pleading that another case involving title to the same fund had either been decided or was pending at the time this complaint was filed, having defectively pleaded the facts upon which the plaintiff relied to identify the fund, he is bound by the issue thus tendered, and may be required to more definitely and specifically allege the facts to avoid the apparent uncertainty with relation to the parties bound thereby. Under similar circum-

stances it was contended in the case of *Burki* v. *Pleasanton School Dist., etc.,* 18 Cal. App. 493, at page 498 [123 Pac. 546], that the unnecessary matter relating to the giving of a statutory bond, was an issue which "should be pleaded as a defense" to the action. The court said in that regard:

"The plaintiff undertook to plead all of the circumstances of the transaction, apparently in anticipation of any defense which might be available to the defendant. He is bound by the facts pleaded in his complaint; and as it is apparent upon the face of the complaint that those facts cannot be made to state a cause of action upon a completed and valid contract, the demurrer was correctly sustained without leave to amend."

In the present case, from the facts alleged it is apparent that title to the identical fund which is here involved, has either been determined adversely to this plaintiff, or that the previous suit involving the same issue is now pending, in either of which cases the plaintiff cannot state a good cause of action, and the court therefore properly sustained the demurrer. (1 Bancroft's Code Pleading, p. 349, sec. 211.)

The court did not abuse its discretion in sustaining the demurrer without leave to amend the pleading. No application was made to amend the pleading. It does not appear by any tendered amendment, or otherwise, that the plaintiff can state a valid cause of action under the circumstances appearing in the complaint. It is true that the court should be liberal in allowing amended pleadings when it reasonably appears that a good cause of action can be pleaded. But it does not so appear in this action.

In a long and almost unbroken line of authorities it has been determined in this state that, unless it otherwise appears from the record, a plaintiff waives his charge of abuse of discretion on the part of the court in sustaining a demurrer to the complaint without leave to amend the pleading, unless he asks leave to file such amendment. (*Buckley* v. *Howe,* 86 Cal. 596, 605 [25 Pac. 132]; *Aalwyn* v. *Cobe,* 168 Cal. 165, 172 [142 Pac. 79]; *Curry* v. *Feigenbaum,* 218 Cal. 575 [24 Pac. (2d) 462]; *Galusha* v. *Fraser,* 178 Cal. 653 [174 Pac. 311]; *Smith* v. *Carlston,* 205 Cal. 541, 553 [271 Pac. 1091]; *Bell* v. *Bank of California,* 153 Cal.

234, 245 [94 Pac. 889]; *See* v. *Joughin,* 18 Cal. App. (2d) 414, 419 [64 Pac. (2d) 149]; 1 Bancroft's Code Pleading, p. 745, sec. 516.)

It is not an answer to plaintiff's failure to request the privilege to amend his complaint to assert that it is unnecessary and useless to make such a request when the court in sustaining the demurrer affirmatively directs the order to be made "without leave to amend". In most of the cases above cited, and in many others which we have not cited, that very order was made. The general rule as above stated has become the law of this state. It may reasonably be said that, in spite of the fact that an application to amend the pleading has not been made, if it clearly appears from the face of the complaint that a good cause of action could be stated in an amendment, under such circumstances, an abuse of discretion of the court might so clearly appear therefrom that the order should be reversed on appeal. But no such situation appears in the present case. The burden is on the plaintiff to affirmatively show an abuse of discretion before the order of the court may be disturbed on appeal.

The judgment is affirmed.

Pullen, P. J., concurred.