[Civ. No. 6581.   Third Dist.   Aug. 9, 1941.]

C.  N.  HILTON, Respondent, v.  WILLIAM  G.  REED, Appellant.

William C. Ring for Appellant.

Merritt D. Jergins and Simon Miller for Respondent.

SCHOTTKY, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff, entered in a quiet title action after appellant's demurrer was overruled and he declined to plead further, his default being entered. The only issue involved on this appeal is the ruling of the trial court on the demurrer.

The complaint alleged in substance that respondent was the owner of certain real property; that appellant on April 13, 1938, commenced an action in the same superior court against a number of defendants, including a number of fictitious defendants, but not naming respondent, "whereby defendant claimed, among other things, the right to a mechanic's lien against said property; that said action is still pending in said court"; that defendant claimed an interest in said property adverse to plaintiff, which claim was without right. The prayer of the complaint, in addition to seeking the usual relief in a quiet title action specifically prayed that defendant be enjoined from prosecuting the action referred to in the complaint.

The demurrer was both general and special, the special grounds being (1) that the complaint is uncertain in that it cannot be ascertained therefrom whether or not plaintiff acquired title subsequent to the filing of the action referred to in the complaint and the recording of a *lis pendens* in said action; and (2) that it appears from the face of the complaint there is another action pending between the same parties hereto wherein plaintiff could intervene and in which

all claims affected by said lien claim could be adjudicated in one action.

■ Appellant's first contention is that, "A complaint in *quia timet* against a claim and proceeding to enforce a mechanic's lien is fatally defective against general demurrer where facts avoiding such lien proceeding and justifying plaintiff's non-intervention therein are not alleged."

Appellant argues that this action is not one to quiet title under section 738 of the Code of Civil Procedure, but is a *quia timet* action "directed at said lien claim and suit, as contemplated by Civil Code, sections 3412 and 3413", which sections read as follows:

(3412) "A written instrument in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

(3413) "An instrument, the invalidity of which is apparent upon its face, or upon the face of another instrument which is necessary to the use of the former in evidence, is not to be deemed capable of causing injury, within the provisions of the last section."

Appellant's entire argument upon this point is predicated upon the assumption that the complaint affirmatively shows that the claim of defendant is based upon a recorded or written claim of lien. We are, of course, limited to the precise allegations of the complaint which in this respect are that Reed "in said case claimed, among other things, the right to a mechanic's lien against said property." Actions brought under sections 3412 and 3413 of the Civil Code relate to situations where there is an outstanding instrument which it is sought to annul. An appellate tribunal is not justified in assuming, as appellant has assumed, that the adverse claim of defendant is based upon a written instrument, and therefore the rules as to so-called *quia timet* actions are not applicable here.

■ Appellant next contends that "the complaint is defective for uncertainty in failing to allege whether or not plaintiff acquired the property in issue before or after defendant's lien claim in the prior collateral action was filed, or sought to be enforced by foreclosure proceedings; since,

if previously acquired, it might not be subject to said lien, while if acquired *pendente lite,* or thereafter, said property is subject thereto, but in any event, any defense against the same must be interposed in said action.''

We must point out, however, that there is no allegation in the complaint which justifies appellant in assuming, for the purposes of the demurrer or this appeal, that a mechanic's lien claim was filed or that foreclosure proceedings were begun. At most it appears from the complaint that defendant filed a suit in which he claims, among other things, *a right to a lien.*

However, we believe that there is great merit in appellant's second ground of demurrer that the complaint is uncertain because it cannot be ascertained therefrom whether or not plaintiff acquired title to the property subsequent to the commencement of the action referred to in the complaint. Respondent, apparently realizing the force of this contention, asserts that ''the allegations of the complaint referring to the pendency of the prior suit, being in addition to the usual allegations to quiet title, are unnecessary to the statement of a cause of action, and any uncertainty in connection therewith is therefore immaterial and not ground for a demurrer.''

We do not believe that the reference in plaintiff's complaint to the prior action can be regarded as surplusage. It is apparent from the complaint that the cloud which plaintiff was seeking to remove was such prior action, and the prayer, which may be consulted in determining the character of the action, specifically seeks to restrain defendant from prosecuting said action. Plaintiff, of course, might have filed a complaint to quiet title which did not mention the prior action, or seek to enjoin its prosecution, and such complaint would not have been subject to that ground of demurrer, but plaintiff did not do so. As was said in *Powell* v. *Lampton,* 30 Cal. App. (2d) 43 [85 Pac. (2d) 495], at page 46:

''Even though a good cause of action to quiet title to the fund in question might have been pleaded without alleging the facts which show on the face of the pleading that another case involving title to the same fund had either been decided or was pending at the time this complaint was filed, having defectively pleaded the facts upon which the plaintiff relied to identify the fund, he is bound by the issue thus tendered,

and may be required to more definitely and specifically allege the facts to avoid the apparent uncertainty with relation to the parties bound thereby. Under similar circumstances it was contended in the case of *Burki* v. *Pleasanton School Dist., etc.,* 18 Cal. App. 493, at page 498 [123 Pac. 546], that the unnecessary matter relating to the giving of a statutory bond, was an issue which 'should be pleaded as a defense' to the action. The court said in that regard:

" 'The plaintiff undertook to plead all of the circumstances of the transaction, apparently in anticipation of any defense which might be available to the defendant. He is bound by the facts pleaded in his complaint; and as it is apparent upon the face of the complaint that those facts cannot be made to state a cause of action upon a completed and valid contract, the demurrer was correctly sustained without leave to amend.' "

The complaint which was filed on November 29, 1938, alleges that the prior action was filed on April 13, 1938, and asserts that defendant has no interest in said property and seeks to enjoin defendant from prosecuting said action. Under such circumstances, defendant is entitled to have the complaint show whether or not the title upon which plaintiff relies was acquired before the filing of such prior action, or subsequently thereto, because such fact would certainly have a bearing upon the effect of the prior action and the question as to whether the present action should be abated. If the property in controversy was acquired by plaintiff subsequent to the filing of the prior action he would be bound by any decree therein unless he acquired it without any notice or knowledge of defendant's claim. In any event, if plaintiff seeks to enjoin defendant from prosecuting the prior action and sets forth in his complaint the pendency of said prior action, we believe that, under such circumstances defendant is entitled to have the complaint more certain and definite as to how the claim of defendant in the prior action is without right. To justify the restraining of the prosecution of an action pending in a court, the pleading seeking such relief should be clear and certain.

We are, therefore, of the opinion appellant's second ground of demurrer was well taken.

The final contention of appellant is that his third ground of demurrer should have been sustained "because it affirmatively

appears from the face of the complaint that the relief sought is the obstruction of defendant's impending mechanic's lien action, as to plaintiff's alleged property wherein he may intervene and tender every defense thereto which is available to him in this action.''

Section 430 of the Code of Civil Procedure authorizes a demurrer when it appears upon the face of the complaint ''That there is another action pending between the same parties for the same cause.''

█ The general rule is well settled in California that the pendency of a prior action, based on the same cause, contested by the same parties, and commenced in the same jurisdiction is ground for the abatement of the second action. The pendency of a prior suit between the same parties for the same cause of action was good ground for the abatement suit at common law, and it is recognized as a ground for demurrer by our Code of Civil Procedure. The rule that the pendency of one action abates another is based in part upon the practical supposition that the first suit is effective and affords an ample remedy to the party and hence that the second action is unnecessary and vexatious. (1 Cal. Jur. p. 23.)

█ It must also be borne in mind that the plea of another action pending is in its nature a dilatory plea, and is not favored. Before a court is justified in sustaining a demurrer on that ground it must clearly appear from the complaint that the prior action is based on the same cause and is pending between the same parties. █ Because of the uncertainty in the complaint hereinbefore discussed we cannot say whether or not the prior action is between the same parties.

Appellant indulges in an extended argument to show that the causes and objects of the actions in the two suits involve the same subject matter and that the plaintiff and defendant in the case at bar are actors respecting the validity and enforceability of the lien. Respondent in reply contends that the pendency of an action in which appellant is plaintiff does not affect the right of respondent herein to bring the present suit because a demurrer interposed for the purpose of abating an action will lie only where both actions involve the same parties and the same cause, and that a plea in abatement, no

matter how raised, is proper only when the same plaintiff is prosecuting both suits.

There can be no doubt that the purpose of this action is to remove any cloud on plaintiff's title created by the former action filed by appellant. It is true that there were the usual allegations of a simple quiet title action in addition to the allegations concerning the former action, but the complaint sets forth that in the former action appellant claimed "the right to a mechanic's lien against said property," and it is hardly possible that a party would seek to enforce a lien against property if he asserted any interest in it beyond his right to such lien.

Before a court is justified in sustaining a demurrer on the ground of another action pending it must clearly appear from the complaint that the prior action is based on the same cause and between the same parties. Because of the uncertainty in the complaint hereinbefore discussed, we cannot say whether or not the prior action is between the same parties as the case at bar. If the plaintiff in this action acquired the property in question prior to the filing of the prior action and was not joined therein, said plaintiff would not be bound by said action and said action could not be said to be pending as to plaintiff. But if, on the other hand, plaintiff acquired said property from defendants therein subsequent to the filing of said action, and with knowledge or notice of said action, plaintiff would in effect be a party to said action and would be bound by any judgment rendered therein. (Code Civ. Proc., §§ 385, 1908, subd. 2.) We are, therefore, not prepared to hold that appellant's third ground of demurrer was well taken.

In view of our conclusion that the court below erred in overruling appellant's demurrer as to uncertainty, we find it unnecessary to discuss the other points discussed in the briefs. We believe that the judgment should be reversed with directions to the trial court to sustain the demurrer and grant respondent permission to file an amended complaint. It is so ordered.

Thompson, J., and Pullen, P. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 6, 1941.