[Civ. No. 12553.   First Dist., Div. Two.   Feb. 24, 1944.]

WESTERN PIPE & STEEL COMPANY OF CALIFORNIA (a Corporation) et al., Plaintiffs, v. TUOLUMNE GOLD DREDGING CORPORATION (a Corporation), Appellant; WALTER W. JOHNSON COMPANY (a Corporation) et al., Respondents.   (And consolidated cases.)

George K. Ford, Zimdars & Warren and Thomas C. Boone for Appellant.

DeLancey C. Smith, Thomas R. White, Hawkins, Hawkins & Cardozo and Thomas E. Davis for Respondents.

NOURSE, P. J.—Three actions to enforce individual liens were filed in the superior court against Tuolumne Gold Dredging Corporation, the owner of certain gold-bearing lands, the Johnson Company, the holder of a contract with the Tuolumne Company for the construction of a gold dredge, and the Fidelity and Deposit Company, the surety on a faithful performance bond covering that contract. The lien claimants were all subcontractors of the Johnson Company and they performed practically all the work and furnished the materials for the construction of the gold dredge. The three actions were consolidated for trial, judgments were duly entered in favor of the three lien claimants, and against the surety. During the course of the trial the claims of these lien holders, and the unsecured claim of Moore Machinery Company, which is not involved in the appeal, were established without any material contest, but the main issues involved, and with which this appeal relates, were tried on the respective cross-complaints of the Tuolumne Company and the Johnson Company. A judgment favorable to the Johnson Company and the Fidelity and Deposit Company was entered against the Tuolumne Company, from which the latter has appealed, naming all other parties respondents. After the appeal was perfected a stipulation was filed herein reciting that the lien claimants had been joined as nominal respondents only, that no relief was sought affecting the judgments in relation to their liens, and that they need not appear or file briefs herein. The issues on the appeal are thus narrowed to the controversy between the owner of the premises and the original contractor concerning the performance of the contract. There is also the issue of the liability of the surety on the original contract.

The Johnson Company filed a cross-complaint against the codefendant, the Tuolumne Company, claiming a certain amount due under the terms of the original contract. The Tuolumne Company filed a cross-complaint against the Johnson Company and its surety claiming damages for failure to perform the conditions of the contract. Prior thereto the Tuolumne Company had filed in the same superior court an independent action against the same parties pleading the same matters and seeking the same relief. That action had been removed upon motion of Johnson Company to the United States District Court where it was still pending at all the time during these proceedings. After all the evidence

was in the Johnson Company was permitted to amend to plead the pendency of the action in the federal court. This plea having been sustained the Tuolumne Company made an offer to prove the facts alleged in its answer and cross-complaint and this offer was rejected. These rulings present two of the grounds urged here by appellant. Upon the trial of the issues raised by the cross-complaint of the Johnson Company it offered evidence tending to prove the satisfactory completion of its contract with the Tuolumne Company, the full acceptance and taking possession of the dredge, the payments made on account thereof, and the balance alleged to be due. The Tuolumne Company introduced no substantial evidence to controvert this and the findings of the trial court on that issue are not subject to attack. No explanation is made of the failure of the Tuolumne Company to controvert this evidence, but, when it came to the issues raised in its cross-complaint and answer to the cross-complaint of the Johnson Company it made a qualified tender of proof that after full acceptance and complete possession for several months it discovered certain minor defects in its plans and specifications which made the dredge unworkable under certain conditions, and the form of the offer presents one of the questions for decision.

Preliminarily it should be stated that the objection to the offer of proof of the affirmative allegations of the cross-complaint of the Tuolumne Company was sustained upon the ground that another action was pending in the federal court for the same relief. The objection to the offer of proof of the allegations of its answer to the cross-complaint of the Johnson Company, and of the defensive matters pleaded in its own cross-complaint, was sustained upon the ground that it was too general and insufficient in law to constitute a valid offer of proof.

In this portion of the opinion we will refer to the Tuolumne Company as appellant and to the Johnson Company as respondent. The basis of the attack upon the ruling on the question of the pendency of another action is that it led to the finding and conclusion of the trial court that appellant was "barred" from presenting evidence under its cross-complaint "for affirmative recovery thereon" whereas, the appellant argues, if the plea were good the action should have been abated and not barred.

The circumstances under which the question arises are

these—while a witness called by appellant was testifying, the respondent requested leave of the court to amend its answer to appellant's cross-complaint to plead the pendency of another action. Appellant stipulated that the amendment could be filed at that time, but reserved objection that it did not plead a valid defense. From that time forward the plea was treated as one coming under sections 430 and 433 of the Code of Civil Procedure—"another action pending between the same parties for the same cause." At no time was it treated as a "bar" to the cause of action, and, though the word was used in the findings, it is followed immediately by the expression "from presenting evidence . . . for affirmative recovery . . . because of the pendency of another action. . . ." It is apparent that there was no intention to bar the appellant from prosecuting its cause at the proper time and in the proper tribunal, but that the true meaning of the finding was in accord with the intention of the parties—that appellant's cause of action for "affirmative" relief was abated under the terms of the code section.

It was made equally clear by the trial court, and by the statements of respective counsel at the time, that the ruling upon appellant's offer of proof was made separately; that, as to the affirmative matter pleaded in appellant's cross-complaint, the objection was sustained upon the ground that another action was pending for the same relief; that, as to any defensive matter to the cause of action pleaded in respondent's cross-complaint, the offer of proof was too general. Appellant does not contend that it was error to suspend proceedings upon the cross-complaint for the reasons stated. Cases cited by appellant support the ruling. (*Conner* v. *Bank of Bakersfield,* 174 Cal. 400, 404 [163 P. 353]; *Hilton* v. *Reed,* 46 Cal.App.2d 449, 454 [116 P.2d 98]; *National Auto Ins. Co.* v. *Winter,* 58 Cal.App.2d 11, 15 [136 P.2d 22]; 1 Cal.Jur. 23.)

But it is contended that the ruling was inequitable because the respondent was permitted to proceed to trial on its cross-complaint though some of the issues involved therein were the same as those involved in the "other action." The respondent replies that the appellant did not make the plea either by demurrer or answer, that it was fully warned by the same plea made by the defendant Fidelity & Deposit Company of Maryland in its answer filed prior to the trial, and that the question was not raised in the trial court.

All the evidence offered by the respondent in support of its cross-complaint against appellant was received without objection on this ground and hence the trial court was not called upon to rule upon the admissibility of such defense if it had been interposed. This being so the appellate court will not rule upon the admissibility of evidence which was received without objection in the trial court. (2 Cal.Jur. 248.)

In its reply brief the appellant suggests that the judgment as entered is error and that the trial court should have followed the procedure outlined in section 597 of the Code of Civil Procedure and entered an interlocutory judgment pending determination of the proceeding in the federal court. The point was not raised before the trial court and is raised here for the first time in appellant's reply brief. But it is one of easy solution. The code section provides that when the answer pleads that another action is pending upon the same cause "the court may, upon the motion of either party, proceed to the trial of such special defense . . . and where the defense of another action pending is sustained . . . an interlocutory judgment shall be entered in favor of the defendant pleading the same. . . ." If the judgment as entered should be interpreted as barring this appellant for all time from prosecuting its cross-complaint for affirmative relief there would be merit in the argument. But we are satisfied that the judgment should not be so interpreted. However, in order that the matter may be clear for further proceedings between the parties it is proper that the judgment in this respect be amended so as to comply with the code section and enable the court to hear the issue after the termination of the proceedings in the federal court.

The next question relates to the ruling of the trial court upon appellant's offer of proof. This question appears more complicated than necessary because of appellant's insistence that the trial court refused to permit appellant to offer any evidence in defense of the respondent's cross-complaint as well as in support of the affirmative allegations of appellant's cross-complaint. On frequent occasions the trial court informed appellant that its ruling on the defense of another action pending related solely to the proof of the "affirmative" matter pleaded in appellant's cross-complaint, and that the ruling relative to the defensive matters only was based upon the insufficiency of the offer of proof. The form of this offer, as well as respondent's objection, is set forth in the

bill of exceptions, where we find: ''Thereupon (except as appears from this bill of exceptions and supplement) Tuolumne Gold Dredging Corporation stated in general terms that it offered to prove all of the allegations of its answer and of its cross-complaint as a portion of said answer as a matter of defense to the cross-complaint of Walter W. Johnson Company. In making such offer Tuolumne Gold Dredging Corporation did not set forth or state to the court the name or names of any witnesses, the nature of any testimony which might be given by any witnesses, the contents of any written evidence which it might produce, or the nature and character of such evidence it might submit. It confined its offer solely to the statement that it would prove the allegations contained in its answer to the cross-complaint of Walter W. Johnson Company, including the allegations of its cross-complaint as a portion of such answer, and also that it would prove the allegations of its cross-complaint. To this offer the respondent made several objections, but emphasized that the offer ''was insufficient as an offer of proof.'' From the supplemental bill of exceptions it appears that this offer was repeated in substantially the same form. Similar objections were made and, in response to the request of appellant's counsel that the situation be made more clear, the trial court announced that its ruling upon the offer of proof should be treated separately as to the affirmative and defensive matters pleaded in appellant's cross-complaint and answer stating: ''Defensively, for the other reason, (i.e. insufficiency of offer) but as far as the cross-complaint itself is concerned, it is for the reason of another action pending.'' It should be noted that in its answer to the cross-complaint appellant pleaded five separate and distinct defenses, that partial proof was made in support of such defenses, and that further proof was not denied by any of the rulings complained of.

From the record it is clear that the trial court denied the appellant's offer to prove the affirmative allegations on the ground that another action for the same cause was then pending. This would cover all those allegations which coincided with the cause of action pleaded by appellant in the proceeding then pending in the federal court and which would support appellant's plea for affirmative relief. It did not, therefore, include the defensive matters pleaded in appellant's cross-complaint and answer, because such matters were not made an issue in the other action. Appellant refers

to an isolated portion of the record where counsel for respondent is quoted as stating that he understood the ruling to be that no evidence could be offered "in connection with *our* cross-complaint." The discussion related entirely to the plea of the affirmative matters in appellant's cross-complaint, and the use of the word "our" was clearly a slip of the tongue requiring no further comment. The ruling that, insofar as the offer related to the proof of the defensive matters pleaded in this cross-complaint and answer, it was insufficient finds ample support in the authorities. Some of these are cited in *Douillard* v. *Woodd,* 20 Cal.2d 665, 670 [128 P.2d 6], where the court said: "A mere general offer of proof without producing the witness or stating the evidence whereby the fact in issue is to be proved, or, if the witness be present, without putting a question to him in such form as to give opportunity for objection, is not correct trial procedure and it affords no ground for appeal." For these reasons we find no error in the ruling complained of.

Appellant attacks the portion of the judgment relating to the second cause of action pleaded in respondent's cross-complaint. This is a pleading for the recovery of the reasonable value of work and labor furnished appellant in excess of the original contract. The appellant filed a general demurrer which was submitted without argument, and overruled, and appellant answered. If the general demurrer could be deemed sufficient to present the ground now advanced by the appellant—misjoinder of causes of action—the objection was waived when the parties stipulated that the trial should proceed upon the pleadings then filed. But it seems apparent that when the statute specifies specific grounds of special demurrer those grounds cannot be raised by general demurrer. (21 Cal.Jur. 108.)

We are not impressed with the appellant's argument that the plea of another action pending cannot apply between cross-complainants and cross-defendants, but must be confined to those cases where the plaintiffs and defendants are the same parties. Some of the language used in *Hamm* v. *San Joaquin etc. Canal Co.,* 44 Cal.App.2d 47 [111 P.2d 940], might lend strength to the argument, but the rule is fully stated in *National Auto Ins. Co.* v. *Winter,* 58 Cal.App. 2d 11, 16 [136 P.2d 22], where the court said: "Another requisite for the plea of another action pending is that the causes of action and the issues in the two suits be subtantially

the same; and it must also appear that it is between the same parties as the later action, and that these parties stand in the same relative position as plaintiff and defendant.'' In 1 California Jurisprudence, page 32, similar language is used— that the parties "stand in the same relative position as plaintiff and defendant''—not that they be named as plaintiff and defendant in both actions. Here the cross-complaint of the Tuolumne Company pleads the same cause of action and in the same way as the complaint pending in the federal court. Hence the parties "stand in the same relative position.''

Then it is argued that the issues raised by "the pleadings'' were such that they could not be tried on the cross-complaint of the Johnson Company alone. Appellant cites various items of its pleading found in its cross-complaint and in its answer. All these matters which were defensive matters to the Johnson Company cross-complaint were in fact tried under the ruling of the trial court which denied appellant the right to try affirmative matters only. It is incorrect to say that these defensive matters were not tried. Appellant called two witnesses and presented a considerable amount of evidence before the objection was made to the proof of matters in support of affirmative relief. We cannot agree with appellant that it was denied the right to contest respondent's claim or that the ruling denying proof of the affirmative matters could be so construed. During the frequent discussions between court and counsel some words were used inadvertently which lend color to the argument, but the trial court took extreme care to advise counsel of the full purport and extent of the ruling. It is not conceivable that this distinction was not clear to counsel at the time of the trial, or that, if a proper and sufficient offer of proof had been made of the ''defensive'' matters, the appellant would have been denied the right to contest and controvert the evidence of respondent on the latter's cross-complaint.

In its answer to the cross-complaint of Tuolumne Company the bonding company pleaded the pendency of the other action in the federal court, and also that the cause of action was barred because not commenced within six months after the completion of the dredger. Both pleas were sustained. If the first plea alone had been sustained the judgment should have suspended proceedings on the cross-complaint until the termination of the other proceeding. But if

the second plea is sound, final judgment was properly entered for the respondent bonding company.

The trial court found that the Tuolumne Company took possession of the dredge on June 25, 1938, though the evidence and the admission of counsel would have supported a finding that the possession dated from June 15, 1938. The cross-complaint was filed on June 9, 1939. The bond stipulated that any action to recover under it should be commenced within six months from the completion of the work provided for in the contract. By the terms of this contract the owner was permitted a ninety-day trial period of operation of the dredge to discover any defects in its construction. Upon the completion in June, 1938, the owner took full and exclusive possession of the dredge; the operation of the dredge for the ninety-day period was conducted by the owner, several defects were noted, and these were corrected by the contractor. The basis of the cross-complaint of the Tuolumne Company is that other defects were discovered after the trial period and it sued for damages for failure to "complete" the terms of the contract.

So far as the liability of the bonding company is concerned it was obligated to insure the faithful performance of the contract, and such obligation terminated when the work was accepted by the owner, subject to the curing of these defects which were discovered and asserted within the ninety-day trial period. It is the contention of the bonding company, and this is supported by a mass of evidence in which there is no substantial conflict, that the difficulties which the Tuolumne Company found in the construction and operation of the dredge were due either to faulty plans or to lack of proper knowledge of methods of operation and repair. Since the bond expressly relieved the bonding company of liability of that character it is contended that the judgment should favor the bonding company on the merits.

But the trial court concluded that the cross-complaint of the Tuolumne Company was barred because not filed within six months of the completion of the contract, and this conclusion is so sound that there is no purpose in extending the opinion in the discussion of other matters.

The cross-complaint filed by the Tuolumne Company set up against the bonding company an entirely new cause of action and had no relation to, or bearing upon, the causes of action pleaded by the various lien claimants, other

than that the latter sought recovery from the bonding company on its obligation to insure payment of claims under the construction contract. Hence the filing of the complaints by these lien claimants cannot be deemed to have tolled the running of the time within which the Tuolumne Company might sue to enforce the liability upon the bond arising from an asserted breach of the construction contract. The bonding company had filed no complaint or cross-complaint against the Tuolumne Company which might bring into operation the rule of *Whittier* v. *Visscher*, 189 Cal. 450 [209 P. 23], and similar cases holding that if a right of action pleaded in a cross-complaint existed at the time the original complaint was filed the running of the statute of limitations is suspended by the filing of the original complaint. This rule applies to those cases where the cross-complainant is seeking either affirmative relief or a setoff against the party plaintiff. Here the controversy arises between two parties who were both named defendants in the complaints by the lien claimants. It was by stipulation confined to the cross-complainant and cross-defendant and the claims of the original plaintiffs were conceded. There was nothing in the original complaints that put in issue the controversy over the obligation of the bonding company to reimburse the Tuolumne Company for damages caused by the contractor under the original contract.

The principle underlying the rule that a statute of limitations is suspended by the filing of the original complaint is that the plaintiff has thereby waived the claim and permitted the defendant to make all proper defenses to the cause of action pleaded. But, where the controversy is limited to cross-defendants, none of whom has done any act in the nature of a waiver the reason for the rule does not exist.

The appellant's argument that time to sue was suspended by the filing of the original complaints because section 438 of the Code of Civil Procedure permits the filing of a counterclaim for any cause ''existing at the commencement of the action'' is based upon a misunderstanding of the existing law. The early section contained the language referred to and noted in *Perkins* v. *West Coast Lumber Co.*, 120 Cal. 27 [52 P. 118], but since that decision the section was amended and the quoted language omitted. The procedure for the filing of a cross-complaint is found in section 442 of the same code, and there is nothing contained therein which tends to suspend any statute of limitations, or other

time limit, within which the cause of action pleaded in the cross-complaint may be sued upon.

From what we have said in reference to the plea of the Johnson Company of another action pending it follows that the same plea made by the bonding company was good. If a plea of abatement only had been made, the judgment in favor of the bonding company should have been interlocutory. But the plea that the action was barred by the terms of the contract compels a judgment against the Tuolumne Company on that ground alone. It is argued that the action now pending in the federal court, in which the bonding company was joined as a defendant with the Johnson Company, was filed within the six months' period, and that that action was sufficient to stay the running of the limitation. If such action were filed within time the parties are free to litigate the issues upon the merits, as nothing which we have said herein determines any issue relating to appellant and the bonding company except that, in this action, the cross-complaint was filed too late.

Paragraph 12 of the judgment is amended to read: "That Tuolumne Gold Dredging Corporation take nothing by its cross-complaint against Fidelity and Deposit Company of Maryland, and that, until the final determination of the proceeding in the federal court, all proceedings under said cross-complaint against Walter W. Johnson Company, as cross-respondent to said cross-complaint be suspended." In other respects the judgment is affirmed as to all respondents. The respondent Johnson Company shall bear its own costs on the appeal; other respondents shall have their costs.

Sturtevant, J., concurred.

A petition for a rehearing was denied March 25, 1944, and appellant's petition for a hearing by the Supreme Court was denied April 20, 1944.