## TUOLUMNE GOLD DREDGING CORPORATION v. WALTER W. JOHNSON CO. et al.

Civ. 4082.

District Court, N. D. California, N. D.

June 9, 1945.

George K. Ford and J. B. Zimdars, both of San Francisco, Cal., for plaintiff.

De Lancey C. Smith and Thomas R. White, both of San Francisco, Cal., for defendant Walter W. Johnson Co.

Thomas E. Davis, of San Francisco, Cal., for defendant Fidelity & Deposit Co.

WELSH, District Judge.

Defendants moved for summary judgment and judgment on the pleadings, mainly on the ground that the issues raised in the amended complaint were heard and determined in certain consolidated cases in the State court. Their supplemental answers set forth that in a certain action filed in the Superior Court of the State of California, in and for the County of Stanislaus, entitled "Western Pipe and Steel Company of California, a corporation, plaintiff, v. Tuolumne Gold Dredging Corporation, a corporation, Walter W. Johnson Company, a corporation, and Fidelity and Deposit Company of Maryland, a corporation, defendants," which action was consolidated with other actions in said State court, and numbered 20652 in the files of the Clerk of said court, Walter W. Johnson Company filed a cross-complaint, seeking recovery of a balance due and unpaid by plaintiff herein to said Walter W. Johnson Company under a contract for the construction of the gold dredging machine described in the complaint herein and involved in said State court action.

Said supplemental answers further set forth that in said cross-complaint said Walter W. Johnson Company alleged that it had fully performed its said contract, that it had fully earned the contract price, together with certain extras, and that plaintiff herein, cross-defendant in said State court action, had failed to pay the balance due; that answers were duly filed, said consolidated State court actions were tried, judgment rendered in favor of said Walter W. Johnson Company and that an appeal was taken wherein said judgment was affirmed.

The files of this court show that the above-entitled action was commenced in the Superior Court of the State of California, in and for the County of Stanislaus and was removed to this court pursuant to an order of said State court dated the 17th day of February, 1939, on petition of said defendant Walter W. Johnson Company. Thereafter, and on the 20th day of October, 1939, plaintiff filed herein its first amended complaint consisting of 177 pages, besides the exhibits.

Subsequently, defendants made a motion to, among other things, dismiss, in connection wherewith copies of the proceedings in the above referred to consolidated actions were attached as a part thereof.

Said motion was denied by this court.

Defendant, Fidelity and Deposit Company of Maryland, subsequently filed an answer, and defendant, Walter W. Johnson Company, filed an answer and counterclaim.

These defendants, who are now moving for summary judgment and judgment on the pleadings, both pleaded in the State court action that there was another action pending between the same parties, to-wit: this action in this court. Defendant Johnson Company made the motion whereby this cause was removed from the State court to the Federal court. It appears that granting its present motion would result in denying plaintiff a determination of its rights in the forum to which its cause was removed in invitum.

■ This court is not inclined to act contrary to the policy of all courts to, whenever possible, dispose of lawsuits on their merits. We have examined the 963 page Transcript on Appeal in the State court, and believe that there is sufficient difference between the matters included therein and those indicated by the files herein to justify a denial of defendants' motion.

Plaintiff is entitled to its day in this court. It should have a trial so that judgment can be rendered on the merits of the facts presented. This view has been strengthened by reading the decision of the District Court of Appeals in the consolidated State court cases.

■ Defendants' memorandum of points and authorities presented herein makes the following reference to said decision:

"Each and every part of the judgment of the lower court and the findings on which it was based are affirmed in full on appeal, save and except the last paragraph of the judgment. That paragraph, which is No. 12, is contained on page 460 of the transcript, and reads as follows:

" 'No. 12. That Tuolumne Gold Dredging Corporation take nothing by its cross-complaint against Fidelity and Deposit Company of Maryland, or Walter W. Johnson Company, as cross-defendants to said cross-complaint.'

"The amendment of this paragraph by the District Court of Appeals reads as follows:

" 'That Tuolumne Gold Dredging Corporation take nothing by its cross-complaint

against Fidelity and Deposit Company of Maryland, and that, until the final determination of the proceeding in the federal court, all proceedings under said cross-complaint against Walter W. Johnson Company, as cross-respondent to said cross-complaint be suspended.' (Page 32 of the District Court of Appeal opinion [in 63 Cal.App.2d, page 67 of 146 P.2d].)"

The District Court of Appeals stated in the opinion referred to (Western Pipe & Steel Co. v. Tuolumne Gold Dredging Corporation et al., 63 Cal.App.2d 21, 146 P.2d 61), just preceding the sentence so quoted by defendants, as follows: "From what we have said in reference to the plea of the Johnson Company of another action pending it follows that the same plea made by the bonding company was good. If a plea of abatement only had been made the judgment in favor of the bonding company should have been interlocutory. But the plea that the action was barred by the terms of the contract compels a judgment against the Tuolumne Company on that ground alone. It is argued that the action now pending in the federal court, in which the bonding company was joined as a defendant with the Johnson Company, was filed within the six months' period, and that that action was sufficient to stay the running of the limitation. If such action were filed within time the parties are free to litigate the issues upon the merits as nothing which we have said herein determines any issue relating to appellant and the bonding company except that, in this action, the cross-complaint was filed too late."

It thereby recognized that there is a feature of the present case which differs from that of the consolidated cases which were tried in the State court, to-wit: that this action, filed within the six months' period, can be litigated on its merits, whereas the plea of the statute of limitations could be, and was, raised as a bar in said State court actions.

Presiding Justice Nourse, of the California District Court of Appeal, First District, Division 2, ably analyzed another phase of the law which is helpful in this connection. He said (page 26 of the opinion in 63 Cal.App.2d, page 64 of 146 P.2d): "In its reply brief the appellant suggests that the judgment as entered is error and that the trial court should have followed the procedure outlined in section 597 of the Code of Civil Procedure and entered an interlocutory judgment pending determination of the proceeding in the federal court. The point was not raised before the trial court and is raised here for the first time in appellant's reply brief. But it is one of easy solution. The Code section provides that when the answer pleads that another action is pending upon the same cause 'the court may, upon the motion of either party, proceed to the trial of such special defense * * * and where the defense of another action pending is sustained * * * an interlocutory judgment shall be entered in favor of the defendant pleading the same * * *.' If the judgment as entered should be interpreted as barring this appellant for all time from prosecuting its cross-complaint for affirmative relief there would be merit in the argument. But we are satisfied that the judgment should not be so interpreted. However, in order that the matter may be clear for further proceedings between the parties it is proper that the judgment in this respect be amended so as to comply with the Code section and enable the court to hear the issue after the termination of the proceedings in the federal court."

The learned Justice thereby gives a clue to the solution of the present problem. He says, in effect, that the judgment of the Superior Court which the District Court was affirming by said opinion, should not be interpreted as barring the appellant therein (plaintiff herein) from prosecuting its cross-complaint for affirmative relief. Matters with respect thereto are suspended until this case is tried and finally determined here. He states directly: "in order that the matter may be clear for further proceedings between the parties it is proper that the judgment in this respect be amended." This statement of the purpose of the amendment removes one of the principal grounds upon which defendants' motion might otherwise stand.

He further states that the amendment of the judgment was made to comply with section 597 of the California Code of Civil Procedure. The portion of said section material here provides that when a plea of another action pending is made, the trial court may proceed to try special issues or defenses and enter an interlocutory judgment and no trial of other issues shall be had until the final determination of such other action.

The District Court applied said section by amending the judgment "so as to comply

with the Code section and enable the court to hear the issue after the termination of the proceedings in the federal court." Justice Nourse, by so analyzing the situation, must have intended that the Superior Court of the County of Stanislaus would take appropriate proceedings after the trial of this pending action in this federal court.

Most of the arguments of counsel for defendants can be answered by reference to this portion of the opinion of the District Court of Appeals. Its use of the expression "enable the court to hear the issue after the termination of the proceedings in the federal court" shows that it contemplated an actual trial in this court. It used the word "termination" with reference to the proceedings herein, meaning the trial of the issues, motion for new trial, and appeal, if so advised, together with all judgments and orders in connection with each of such steps in the proceedings.

If the District Court had intended that the present action would be disposed of summarily it would have used the expression "dismissal" in its reference hereto. Clearly, it would not have spoken of enabling the trial court at Modesto to "hear the issue" if it had in contemplation anything other than an actual trial here at Sacramento. There would be no issue to hear if this case were dismissed.

■ Thus, the judgment in the consolidated cases in the Clerk's office at the Court House in Stanislaus County is at present interlocutory in nature. It cannot be res judicata, as the modification thereof by the District Court of Appeal has suspended all proceedings there "until the final determination of the proceedings in the federal court." This very amendment made to the judgment by the District Court of Appeal uses the words "final determination." The opinion of the California Supreme Court in Funeral Directors Association v. Board of Funeral Directors and Embalmers, 22 Cal.2d 104, 136 P.2d 785, indicates that "determination" of a cause necessarily presupposes that evidence be taken, weighed and evaluated before a decision is made.

In Henavie v. New York Cent. & H. R. Railroad Co., 154 N.Y. 278, 48 N.E. 525, 527, the court took the view that determination meant a decision of the court upon a trial.

Defendants' argument relative to res adjudicata does not apply.

The Supreme Court of California said in Stark v. Coker, 20 Cal.2d 839, 843, 129 P.2d 390, 393: "that only is adjudged in a former judgment which appears upon its face to have been adjudged or which was actually and necessarily included therein or necessary thereto. Code Civ.Proc., § 1911. And when it affirmatively appears that an issue was not determined by the judgment, it obviously is not res judicata upon that issue."

It is therefore ordered that defendants' motion for summary judgment and judgment on the pleadings be, and the same is hereby, denied.