TUOLUMNE GOLD DREDGING CORPORATION v. WALTER W. JOHNSON CO. et al.

No. 4082.

District Court, N. D. California, N. D.
March 11, 1947.

See also 61 F.Supp. 62.

George K. Ford and J. B. Zimdars, both of San Francisco, Cal., for plaintiff.

Delancey C. Smith and Thomas E. Davis, both of San Francisco, Cal., and Emmett J. Seawell, of Sacramento, Cal., for defendants.

LEMMON, District Judge.

Defendants have moved for summary judgment and judgment on the pleadings basing their motion on the ground that the issues in this case had heretofore been determined in an action brought in the Superior Court of the State of California, in and for the County of Stanislaus, and that further proceedings are barred by the doctrine of res adjudicata. The Superior Court action was brought by four lien claimants naming as defendants the plaintiff and the defendants in this present action. Cross-complaints were filed by Tuolumne Gold Dredging Corporation against the Walter W. Johnson Company and Fidelity and Deposit Company of Maryland, a corporation, and by Walter W. Johnson Company and Fidelity and Deposit Company of Maryland against Tuolumne Gold Dredging Corporation. For convenience, these companies will be referred to as Johnson, Tuolumne and Fidelity. Tuolumne in its answer to the cross-complaint of Johnson and Fidelity incorporated as defensive matter each and all of the allegations contained in its cross-complaint against Johnson and Fidelity.

The actions arose out of the contract for the construction of a gold dredge between Tuolumne, the owner of the lands upon which the dredge was to be constructed, and Johnson, which company agreed to construct the dredge according to detailed specifications. Johnson let sub-contracts for a considerable portion of the construction and for the materials used in the construction.

These sub-contractors brought the action referred to above to recover for work and materials used in the construction of the dredge. In its cross-complaint Johnson sought to recover from Tuolumne the balance claimed due it on the contract and alleged full and complete performance by it. Tuolumne in turn cross-complained against Johnson alleging certain defects in the construction of the dredge and averred that the specifications had not been complied with.

Prior to filing this cross-complaint Tuolumne filed a separate action against Johnson and Fidelity, surety on the contract for Johnson. This action was removed to this court. Ultimately an amended complaint was filed herein which contains the identical allegations found in the answer and in the cross-complaint of Tuolumne in the state court action.

At the trial of the state action, objection to the offer of proof of the affirmative allegations of the cross-complaint of Tuolumne was sustained upon the ground that another action was pending in the Federal Court for the same relief, and the objection to the offer of proof of the allegations of its answer to the cross-complaint of Johnson and of the defensive matters pleaded in its own cross-complaint was sustained on the ground that it was too general and insufficient in law to constitute an offer of proof.

The Superior Court found that Johnson had complied with the terms of the contract, although allowing a few minor set-offs in favor of Tuolumne as against the balance of the contract price claimed by Johnson, and adjudged "that Tuolumne Gold Dredging Corporation take nothing by its cross-complaint against the Fidelity and Deposit Company of Maryland or Walter

W. Johnson Company, as cross-defendants to said cross-complaint."

The District Court of Appeal of the State of California affirmed the judgment of the Superior Court amending only paragraph 12 to read: "That Tuolumne Gold Dredging Corporation take nothing by its cross-complaint against Fidelity and Deposit Company of Maryland, and that, until the final determination of the proceeding in the federal court, all proceedings under said cross-complaint against Walter W. Johnson Company, as cross-respondents to said cross-complaint be suspended." Western Pipe & Steel Co. of California v. Tuolumne Gold Dredging Corporation, 63 Cal. App. 2d 21, at page 32, 146 P.2d 61, at page 67.

■ Though the District Court of Appeal did modify the trial court's judgment to the extent noted, the modification disturbed the judgment only in so far as it affected the issues relating to the affirmative allegations of the cross-complaint. The judgment in all other respects was affirmed. It is final as to the question whether Johnson had breached its contract.

■ The District Court of Appeal stated that the trial court denied Tuolumne's offer to prove the affirmative allegations of its cross-complaint upon the basis of another action pending but that no restrictions were placed upon that company's right to prove the separate and distinct defenses, including the defensive matters pleaded in its own cross-complaint. All of the breaches of the contract by Johnson alleged in the amended complaint in the instant action were alleged in the answer filed by Tuolumne in the State court. All of the claimed breaches were in issue there and the judgment of that court was against Tuolumne thereon. If the instant case were to be tried, this court would be precluded from finding in favor of Tuolumne upon the cross-complaint for the evident reason that the State court has passed upon and decided an action which embraced the same issues. Thus it appears that the issues presented by the pleadings in this court have been litigated and determined in the State court. It is of no moment that in the one action the allegations are defensive and in the other affirmative. The operative facts are the same. This precludes an alternative remedy in the second action. Restatement, Judgments, Sec. 65, page 272.

The District Court of Appeal in its opinion, 63 Cal.App.2d at page 32, 146 P.2d at page 64, held that Sec. 597 of the Code of Civil Procedure, which allows the hearing of special defenses not involving the merits of the plaintiff's cause of action to be had before the trial of any other issue in the case, should apply in this case and stated that "Where the defense of another action pending is sustained * * * an interlocutory judgment shall be entered in favor of the defendant pleading the same * * *".

■ It is obvious that the District Court of Appeal of the State of California did not attempt to, nor could it, bind this court; therefore it seems that the ruling that C.C. P. § 597 applied and that the judgment was interlocutory pending the determination in the Federal Court was merely to hold in abeyance the entry of a final judgment until after decision in the case pending here.

■ As was set forth in the opinion in Burnand v. Irigoyen, 56 Cal.App.2d 624, at page 631, 133 P.2d 3, at page 7, in commenting on the effect of C.C.P. § 597, "In order to sustain a judgment based on a special defense that relies on the allegation of another action pending upon the same cause of action, it must appear that the first action is, for all practical purposes, identical with the second." This situation exists in the instant case, since the amended complaint filed in this action is identical with the special defenses and the cross-complaint filed in the Superior Court of Stanislaus County.

■ Because one phase of the litigation was left unsettled and in that sense the judgment is interlocutory does not preclude the holding that the judgment is res adjudicata as to that phase which has been finally concluded. In Leupe v. Leupe, 21 Cal.2d 145, at page 148, 130 P.2d 697, at page 699, it is stated, "Even though a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res judicata with respect to all issues determined." The opinion continues and expressly, 21 Cal.2d at page 149, 130 P.2d at page 699, disapproves the series of cases holding that a "court is without jurisdic-

**114**

tion to make an unqualified disposition of property in an interlocutory decree of divorce."

Plaintiff in his memorandum of points and authorities in opposition to this motion cites Stark v. Coker, 20 Cal.2d 839, 843, 129 P.2d 390, 393, wherein the Supreme Court of California stated, "That only is adjudged in a former judgment which appears upon its face to have been adjudged or which was actually and necessarily included therein or necessary thereto. C.C.P. § 1911. And when it affirmatively appears that an issue was not determined by the judgment, it obviously is not res judicata upon that issue". This case falls within the rule set forth in Stark v. Coker. Plaintiff had the opportunity to present any evidence that it desired defensively and it will be recalled that its cross-complaint was incorporated in its answer. Therefore, an opportunity was afforded plaintiff to present any evidence that was available to it in the support of its allegations. To allow it to proceed further on this action would be affording a second opportunity to do what should have been done in the first trial.

██ With regard to Fidelity and Deposit Company of Maryland, the question arises as to whether or not res judicata applies since the Superior Court action was barred by the statute of limitations in so far as Fidelity was concerned. This action appears to be vulnerable to that defense. Fidelity, as stated, was surety to Johnson for the faithful performance of the building contract. The doctrine of res judicata applies to Fidelity as well as to Johnson. As the general rule a surety may plead any defense which is available to his principal. 23 Cal.Jur. Sec. 51; 5 A.L.R. 594; 50 Amer. Jur. Sec. 135; 50 C.J. Sec. 329. As the Supuerior Court found that Johnson had performed its contract, and as Fidelity is but a surety guaranteeing performance of the contract by Johnson, Fidelity is entitled to Johnson's defense of res judicata.

By analogy the case of Loughren v. Reynolds, 70 Cal.App.2d 241, at page 244, 160 P.2d 904, at page 905, is meritorious, the Court stating: "A common application of the rule (res judicata) is to be found in cases growing out of automobile collisions, where it has been held that if the driver of a vehicle is sued and is exonerated by a judgment on the merits the judgment in his favor bars a similar action against the employer of the driver by the same plaintiff who sues upon the same set of facts." It is stated by the Court in General Chemical Company v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 101 F.2d 178, at page 182 quoting the Circuit Court of Appeals of the 9th Circuit in Norton v. San Jose Fruit Packing Co., 83 F. 512, a page 514, "The general proposition that a judgment or decree of a court of competent jurisdiction between the same parties, and all parties privy thereto, upon the same issues, is, as a plea, a bar, or as evidence conclusive, is well settled. Whenever a cause has been once fairly tried, fully heard, and finally decided, upon its merits, by a competent tribunal, the same questions, as between the same parties or their privies in interest, ought not to be tried over again. They should be considered as forever settled. This rule is necessary for the repose of society."

It is therefore ordered that defendant's motions for summary judgment and judgment on the pleadings be, and the same are nereby granted.